## DURODERIGO v. CULWELL.

No. 5406.　Opinion Filed October 19, 1915.

(152 Pac. 605.)

1. **INSANE PERSONS—Voidable Conveyance—Mental Deficiency of Grantor—Statu Quo.** A deed of a feeble-minded person who has not been adjudged incompetent, and who is not shown to be entirely without understanding, at the time of its execution. is not void, but only voidable; and, in the absence of fraud, before the real estate can be recovered, the purchaser must be placed **in statu quo.**

2. **SAME—Evidence—Adjudication of Incompetency.** An order of a county court, adjudging a person incompetent who had, previous to such order, transferred real estate, is competent, in a subsequent action in a district court to recover the real estate, to show that that action was properly brought by his guardian, but a special finding by the county judge that he was an imbecile from birth is not admissible.

3. **TRIAL—Instructions—Exceptions.** A general exception to each and every paragraph of the court's charge is too general, and avails the party taking such exception nothing. Exceptions to instructions must specify the instructions objected to, and thus afford the court an opportunity to correct the vice in the instructions complained of.

(Syllabus by Brett, C.)

*Error from District Court, Love County;*
*Stillwell H. Russell, Judge.*

Action by Columbus Duroderigo, by his guardian, Frank O'Savior, against W. A. Culwell. Judgment for defendant, and plaintiff brings error. Affirmed.

*L. S. Dolman* and *Fred C. Ryburn,* for plaintiff in error.

*Eddleman & Graham* and *Cruce & Potter,* for defendant in error.

Opinion by BRETT, C. This is a suit in ejectment brought by Frank O'Savior as guardian of Columbus

Duroderigo, an incompetent, against W. A. Culwell for possession of certain real estate described in the petition, and for damages for unlawfully withholding possession, and for the rents and profits for six years prior to the filing of this suit. Culwell answered by general denial, and denied specifically that Columbus Duroderigo was an incompetent. A trial was had to the court and jury, which found for defendant, Culwell. Judgment was rendered in his favor, and plaintiff appeals to this court.

The evidence shows that patents were issued to Columbus Duroderigo, a Chickasaw Indian, to the land in controversy in August, 1905, and upon these patents the plaintiff based his right to recover.

The defendant introduced deeds to the land, executed by Columbus Duroderigo to him in 1908 and 1910, in support of his right to possession. These deeds were attacked by the plaintiff on the ground that Duroderigo was incompetent, and wholly without understanding at the time he executed the deeds to Culwell. But it clearly appears from the evidence that no guardian was appointed for Duroderigo until June 26, 1912, and that prior to that time he had transacted his own business, and had been appointed, and acted, as guardian for a younger brother, and was not "entirely without understanding" at the time of the trial. The evidence also shows that at the time Culwell purchased the land he paid all that it was then reasonably worth. There was no offer on the part of the plaintiff to return to Culwell the amount he paid Duroderigo for the land, or for the improvements he had placed thereon. And in cases of this kind the law seems to be settled in this state that where a person has not been adjudged incompetent, his deed is not void, unless he is shown to have been "entirely without under-

standing" at the time of its execution. Sections 888
and 889, Rev. Laws 1910. Where a deed is void by rea-
son of the fact that the grantor had, prior to its execu-
tion, been adjudged incompetent, or was at the time of
its execution "entirely without understanding," no tender
is necessary. But where neither of these conditions is
shown to exist the deed is only voidable; and, in the ab-
sence of fraud, the grantor's rights are governed by sec-
tions 889 and 986, Rev. Laws 1910, which require him
to—

"restore to the other party everything of value which he
has received from him under the contract, or to offer to
restore the same, upon condition that such party shall do
likewise, unless the latter is unable, or positively refuses
to do so."

The plaintiff did not bring himself within the pro-
visions of either of the above statutes; he had not been
adjudged incompetent at the time he deeded the property
to Culwell; he was not shown to be entirely without un-
derstanding at that time; no fraud appears to have been
perpetrated by Culwell, but on the contrary he paid a
fair price for the land at the time of the purchase, and,
the plaintiff having made no offer to place him *in statu
quo,* we think plaintiff was not entitled to recover. *Maas
et al. v. Dunmyer,* 21 Okla. 434, 96 Pac. 591; *Adams Oil
& Gas Co. v. Frank Hudson et al.,* 155 Pac. 220, not yet
officially reported.

2. But the plaintiff complains that the trial court
refused to allow him to introduce in evidence a finding
of the county judge, who adjudged Duroderigo incompe-
tent, which finding is to the effect that he was an imbe-
cile from his birth. The court permitted the plaintiff to
introduce the order for the purpose of showing that Duro-

derigo had been adjudged incompetent on June 26, 1912, and that Frank O'Savior was at that time appointed his legal guardian. This evidence was clearly competent for the purpose of showing that this action was properly prosecuted by guardian, but the district court could not be bound by the finding of fact made by a county judge that Duroderigo had been an imbecile from his birth, and the exclusion of this evidence was not error. That was the very question which had been made an issue by the plaintiff in the district court, and was then being tried to a jury, and they should have been left free to pass upon that question in the light of the evidence introduced in their hearing upon that question. And the offer of this finding of fact was an attempt to invade their province.

3. The plaintiff challenges some of the instructions given by the court; but the exception taken to the instructions is too general to avail. The plaintiff excepted "to each and every paragraph of the court's charge," and it has been held that this is of no avail; that the specific instruction objected to must be pointed out, so that the vice of the instruction may be called to the court's attention, and an opportunity afforded to correct it. *Eisminger v. Beman*, 32 Okla. 818, 124 Pac. 289; *McCabe & Steen v. Wilson*, 17 Okla. 355, 87 Pac. 320; *Giles et al. v. Latimer et al.*, 40 Okla. 301, 137 Pac. 113; *Johnson v. Johnson*, 43 Okla. 582, 143 Pac. 670.

We find no prejudicial error in the record, and think the judgment should be affirmed.

By the Court: It is so ordered.