## WILSON et al. v. FERGUSON.

No. 10334—Opinion Filed Dec. 6, 1921.

(Syllabus.)

**Judgment—Grounds for Vacation—Insanity of Grantor.**

A petition to vacate a judgment on the grounds of erroneous proceedings against a person of unsound mind which alleges that the defendant "was mentally incapable of understanding the nature or consequences of any contract or court proceedings that she might attempt to enter into", states facts sufficient to constitute a cause of action, and is not subject to a general demurrer.

Error from District Court, Roger Mills County; T. P. Clay, Judge.

Petition by Rhoda E. Wilson and another to vacate judgment in favor of Silas W. Ferguson. Demurrer to petition sustained, and petitioners bring error. Reversed and remanded, with directions.

Floyd Wheeler, for plaintiffs in error.

R. F. Baird, A. E. Pearson, and S. Grim, for defendant in error.

NICHOLSON, J. This action was instituted in the district court of Roger Mills county on the 31st day of March, 1913, by Silas W. Ferguson, as plaintiff, against Rhoda E. Wilson and George F. Wilson, defendants, to recover the sum of $535, with interest thereon, and the sum of $50 attorney's fee, upon a promissory note and interest coupons, bearing date the 20th day of March, 1908, and for the foreclosure of a mortgage of even date therewith given to secure the payment thereof and covering certain real estate lying and situate in Roger Mills county. The note and mortgage were executed and delivered to one G. E. Martin, and by him, before maturity thereof, sold, indorsed, and assigned to the plaintiff.

The defendants filed answer, admitting the execution of the note and mortgage, and as an affirmative defense pleaded that the plaintiff had knowingly charged interest in excess of ten per cent. per annum, and prayed that double the amount of usurious interest collected, viz., $512, be applied on the principal note, and that said defendants recover of the plaintiff the sum of $12, and a further sum of $50, attorney's fee, and that plaintiff take nothing.

The cause was submitted upon an agreed statement of facts, and on the 21st day of October, 1915, judgment was rendered in favor of the plaintiff for the sum of $740.40, principal, interest, and attorney's fee, and for the foreclosure of said mortgage.

On the 7th day of February, 1918, the defendants filed their petition to vacate said judgment, which petition is as follows:

"Comes now the defendants, Rhoda E. Wilson and George F. Wilson in the above entitled cause and represent and show to the court the following facts:

"That on the 21st day of October, 1915, the said plaintiff, Silas W. Ferguson, obtained a judgment against said defendants in this action foreclosing a purported mortgage on the northwest quarter of the southwest quarter and the southwest quarter of the northwest quarter of sec. 22, in township 15 north, in range 22 west, which land was the property of Rhoda E. Wilson. A copy of said judgment is hereto attached, marked 'Exhibit A' and made a part hereof.

"That said judgment was obtained by erroneous proceedings against Rhoda E. Wilson, who was a person of unsound mind, that said Rhoda E. Wilson was of unsound mind at the time she signed the notes and mortgage herein sued upon, and was continuously insane during all the time that said proceedings were in progress which resulted in the above mentioned judgment.

"That said Rhoda E. Wilson was adjudged insane and confined to the insane asylum at Austin, Texas, by a duly authorized and competent board for that purpose, created by the laws of the state of Texas; that said adjudication of insanity and confinement to said insane asylum was on or about the 15th day of January, 1900; that said adjudication and said confinement in said asylum was all a matter of public record; that the name of Rhoda E. Wilson was at said date of her adjudication of insanity, Rhoda E. Casady; that she was subsequently, on or about the 11th day of July, 1900, temporarily released from said asylum, but not permanently discharged and not adjudged sane, and not in fact sane; that while thus temporarily released from said asylum, she removed to the territory of Oklahoma on or about September 1, 1900, and was subsequently married to the defendant, George F. Wilson; that her insanity continued all this time, and she was placed in the insane asylum for the state of Oklahoma at Ft. Supply, Okla., on or about May 25, 1916, where she remained in said asylum until on or about the 17th day of June, 1916, at which time she was duly and legally adjudged sane by the proper authorities for the insane asylum for the state of Oklahoma, located at Ft. Supply, Okla., and that said Rhoda E. Wilson was permanently discharged from said asylum on or about the 27th day of August, 1917, and has been sane at all times since said last mentioned date; that during all the times between the said date of January 15, 1900, when the said Rhoda E. Wilson, then Rhoda E. Casady, was adjudged insane and confined to the insane asylum at Austin, Texas, and the date of about August 27, 1917, she was duly adjudged sane and permanently discharged from said insane asylum at Ft. Supply, Okla., she had never been adjudged sane by any board or by any proper person, officer or tribunal, and she was in fact insane during all of this time, and was insane at the time said notes and mortgages were signed by, and insane at and during all the proceedings taken against her in the prosecuting of said judgment, and mentally incapable of understanding the nature or consequence of any contract or court procedure that she might attempt to enter into.

"That no guardian ad litem, or other person capable of acting for her, was ever appointed or constituted in any way to represent her in any of said proceedings relating to the cause of action herein instituted by said plaintiff.

"That said defendants further state that they have a good and valid defense to the petition of the plaintiff herein, as more fully set out in their answer, marked 'Exhibit B' and made a part hereof.

"Wherefore, said defendants pray this honorable court to set aside and vacate the judgment heretofore rendered in this cause and to permit said defendants to defend in this action and that their answer hereto attached as 'Exhibit B' be filed herein as their answer to the petition of the plaintiff."

There is attached to said petition, as Exhibit B, an answer, tendered for filing, which contains substantially the same averments as those contained in said petition.

To this petition the plaintiff, Ferguson, filed a general demurrer, which was by the court sustained, and it is this action of the court of which plaintiffs in error complain.

It is contended by the plaintiffs in error that the demurrer should have been overruled, because the petition to vacate the judgment shows that Rhoda E. Wilson was insane at all times from January 15, 1900, when she was committed to an asylum at Austin, Tex., until the 17th day of June, 1916, when she was discharged from the asylum for the insane at Ft. Supply, Okla., and that the note and mortgage sued upon were void. The defendant in error insists that the court properly sustained the demurrer, for the reason that said petition failed to state that said Rhoda E. Wilson was entirely without understanding; that it in no manner alleged fraud or undue influence or that her supposed insanity was known to the plaintiff, or that the plaintiff took any undue advantage of her by reason of her insanity, and that said petition wholly failed to negative that the note and mortgage sued upon were then in the hands of an innocent purchaser, and for the further reason that she wholly failed to offer to restore to the plaintiff the sum advanced by the plaintiff to said defendants.

In determining whether the petition was subject to demurrer it will be necessary to consider the sections of the statute pertaining to contracts of insane persons. Sections 888, 889, 890, Rev. Laws 1910, are as follows:

"888. A person entirely without understanding has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary to his support or the support of his family.

"889. A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined,

is subject to rescission without prejudice to the rights of third persons, as provided in the article on extinction of contracts.

"890. After his incapacity has been judicially determined a person of unsound mind can make no conveyance or other contract, nor designate any power, nor waive any right, until his restoration to capacity is judicially determined. But if actually restored to capacity, he may make a will, though his restoration is not thus determined."

Does the petition state a cause of action under either of the above statutory provisions? If it shows that Rhoda E. Wilson was entirely without understanding, or that her incapacity had been judicially determined, then it was not subject to demurrer. On the other hand, if it shows that she was of unsound mind, and that the note and mortgage were made before her incapacity had been judicially determined, but fails to show that she was entirely without understanding, then it is defective in that it failed to plead fraud on the part of the plaintiff or notice to him of the defendant's insanity, and failed to offer or restore the consideration received for said note and mortgage. In Mass et al. v. Dunmyer, 21 Okla. 434, 96 Pac. 591, the rule is announced thus:

"The deed of a person whose mind is unsound, but who is not entirely without understanding, made before his incapacity is judicially determined, is not void, but voidable and passes title so that, when the grantee of such person mortgages the property to one who takes the mortgage in good faith for value without notice of the incapacity of the original grantor, the mortgagee thereby obtains a valid lien."

To the same effect are Loman v. Paullin, 51 Okla. 294, 152 Pac. 73, Duroderigo v. Culwell, 52 Okla. 6, 152 Pac. 605, and Adams Oil & Gas Co. v. Hudson et al., 55 Okla. 386, 155 Pac. 220.

It is insisted that the allegation "that said Rhoda E. Wilson was adjudged insane and confined to the insane asylum at Austin, Tex., by a duly authorized and competent board for that purpose, created by the laws of the state of Texas; that said adjudication of insanity and confinement to said insane asylum was on or about the 15th day of January, 1900; that said adjudication and said confinement in said asylum was all a matter of public record; that the name of Rhoda E. Wilson was at said date of her adjudication of insanity Rhoda E. Casady; that she was subsequently, on or about the 11th day of July, 1900, temporarily released from said asylum, but not permanently discharged and not adjudged sane, and not in

fact sane; that while thus temporarily released from said asylum, she removed to the territory of Oklahoma on or about September, 1900, and was subsequently married to the defendant George F. Wilson," is sufficient to bring the case under the provisions of section 890, supra; but with this we cannot agree. According to the allegations of the petition she was released from the asylum in Texas in July, 1900, came to Oklahoma in September of that year, and in 1908, joined by her husband, executed the note and mortgage involved in this action.

When she came to Oklahoma she arrived clothed with the presumption of sanity, and that presumption obtained until she was adjudged insane by the courts of this state. The fact that she had, years before, been committed to an asylum in Texas, did not overcome the presumption of her sanity at the time of the execution of the note and mortgage.

It is also urged that the allegation that Rhoda E. Wilson "was in fact insane during all of the time, and insane at the time said notes and mortgage were signed by, and insane at and during all the proceedings taken against her in the procuring of said judgment, and mentally incapable of understanding the nature or consequence of any contract or court procedure that she might attempt to enter into," is sufficient to prevent the petition from being subject to demurrer under section 888, supra. While the petition does not allege in so many words that Rhoda E. Wilson was a person entirely without understanding, we think the allegation that she was "mentally incapable of understanding the nature or consequences of any contract or court procedure that she might attempt to enter into," is tantamount to such allegation, and that because of this statement the petition was not subject to a general demurrer.

In Loman et al. v. Paullin, supra, it was said:

"The real test in such a case is: Did he possess sufficient intelligence to understand what he was doing; that is, the effect of his acts? In this case, that he was parting with the particular property he was disposing of, the disposition he was making of it, and the person to whom he was conveying it?"

For the reason stated, the judgment of the trial court is reversed, and the cause remanded, with directions to overrule said demurrer.

HARRISON, C. J., PITCHFORD, McNEILL, and ELTING, JJ., concur.