HOPKINS et ux. v. LIPPERT.

No. 31090.  Oct. 5, 1943.

Supplemental Opinion Oct. 6, 1943.

*141 P. 2d 996.*

Reily & Reily, of Shawnee, for plaintiffs in error.

Byron E. McFall and Ernest L. Lippert, both of Oklahoma City, for defendant in error.

PER CURIAM. W. E. Hopkins and his wife Ida Hopkins brought this action against Ernest L. Lippert, defendant, to cancel an oil and gas mining lease on the E.½ of the S.W.¼ of section 26, township 10 N., range 3 east, Pottawatomie county. The cause was tried to the court without the intervention of a jury and judgment was entered for the defendant on his answer and cross-petition, in which judgment the court quieted title to the oil and gas rights in the defendant.

Plaintiffs have appealed and in seven allegations of error present the single specification that the judgment is not supported by the evidence. The parties will be referred to by their trial court designation.

The record reveals that W. E. Hopkins is 81 years of age, his wife is 79. For a number of years both have been feeble in health, and since February, 1940, Mrs. Hopkins has been practically bedfast. Two physicians testified that in their opinion Mrs. Hopkins was unable to understand the terms of a contract. On the 14th day of March, 1941, at the home of the plaintiffs, the defendant Lippert appeared and at that time there was executed an oil and gas lease covering the above-described property. A notary appeared with him who took the acknowledgment of the lease. This lease was a part of a "block" of leases being obtained by the defendant for the purpose of drilling a test well. No bonus was paid on the lease. It provided for a dollar an acre rentals and there was a contract for the drilling of a well on the block of acreage involved. There is no evidence of any fraud or overreaching. Plaintiffs relied upon evidence tending to disclose that both plaintiffs were mentally incompetent. Prior to the time the lease was executed defendant appeared and attempted to obtain a lease from the plaintiffs. Both plaintiff Hopkins and his son-in-law Gray, with whom Hopkins lived, declined to sign the lease. The son-in-law stated that at the time he was of the opinion that he could sell the lease. Defendants readily agreed to wait to see if the lease could be sold. He returned on the 14th day of March, 1941, and inquired if they had been able to sell the lease. The son-in-law informed him that he had not been able to sell the lease. The lease was then executed while the son-in-law was present. He testified in the case at bar. He was asked why he did not inform the defendant at the time the lease was executed that the plaintiffs were incompetent. He testified that he was not asked as to their competency. Subsequent to the signing of the lease a well was brought in greatly in-creasing the value of surrounding acreage. A few days thereafter this suit was brought.

The rule which is admitted by both parties and many times announced by this court is that in an equitable action this court will weigh the evidence and the judgment and the finding of the trial court will not be disturbed unless it is against the clear weight of the evidence. Minnehoma Oil Co. v. Florence, 92 Okla. 17, 217 P. 443; Monarch Loan Co. v. Shellenberger, 159 Okla. 247, 15 P. 2d 53; Duroderigo v. Culwell, 52 Okla. 6, 152 P. 605; Brown v. Harmon, 115 Okla. 277, 242 P. 1047. In Brown v. Harmon, supra, it is stated that it is to be taken as a general doctrine that when a court of equity is asked to set aside or annul a written instrument for fraud or mistake in the execution thereof, the testimony on which this is done must be clear, unequivocal, and convincing, and that it cannot be done upon a bare preponderance of evidence which leaves the issues in doubt.

In Duroderigo v. Culwell, supra, we said that a deed of a feeble-minded person who has not been adjudged incompetent, and who is not shown to be entirely without understanding, is not void but only voidable; and that in the absence of fraud, before the real estate can be recovered, the purchaser must be placed in status quo.

In Monarch Loan Co. v. Shellenberger, supra, we held that there being no fraud practiced and the parties having acted in good faith, the conveyance was not void and equity would not set the same aside where the evidence did not show such a lack of competency as to render the instrument void.

We are of the opinion that this case is governed by the rule suggested in Monarch Loan Co. v. Shellenberger, supra. The defendant has conveyed some of his leases and executed a contract for development. It would be inequitable to deprive defendant of the fruits of his industry and place such unearned benefits in the hands of plaintiffs. We are satisfied that the court

reached the correct conclusion in holding the conveyance good.

The judgment of the trial court is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. OSBORN, and HURST, JJ., absent.

---

Supplemental Opinion

This cause was submitted on June 24, 1943. An opinion was rendered and filed October 5, 1943.

The death of the plaintiffs in error has been suggested to this court and shown to have occurred after the submission of the cause and before the approval of the opinion by the court. While the fact of said deaths between the submission and decision does not impair the validity of the judgment, in order to preserve all rights thereunder, said decision and opinion filed herein October 5, 1943, is recalled, set aside, and the Clerk of this court is directed to refile said opinion and enter the judgment of this court in this cause nunc pro tunc as of June 24, 1943, the date said cause was submitted. Spencer v. Hamilton, 156 Okla. 194, 13 P. 2d 81.

It is so ordered.