M. & W. MINING CO. v. LEE et al.

No. 32848.    Feb. 27, 1947.

Supplemental Opinion July 1, 1947.

*182 P. 2d 759.*

A. L. Commons, of Miami, for petitioner.

J. J. Smith, of Miami, and Sylvan Bruner, Morris Matuska, and Pete Farabi, all of Pittsburg, Kans., and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.    This is an original proceeding brought in this court by M. & W. Mining Company, own risk carrier, hereinafter referred to as petitioner, to review an award of the State Industrial Commission awarding compensation to respondent, Virgil Lee.

Respondent, on the 25th day of April, 1946, filed his first notice of injury and claim for compensation wherein it is stated that on or about the 26th day of March, 1946, while in the employ of petitioner, he sustained an injury to his lungs, back and other members of his body which caused total disability.

The trial commissioner before whom the case was heard found that respondent, on the 28th day of March, 1946, while in the employ of petitioner, received an accidental personal injury arising out of and in the course of his employment consisting of an injury to the ninth and tenth ribs in his right side and injury to his right chest which resulted in a 50 per cent permanent partial disability to perform ordinary manual labor, and entered an order awarding respondent compensation in the sum of $5,250 or 250 weeks payable at the rate of $21 per week.

Both parties appealed from the award to the commission sitting as a whole. The commission on final hearing affirmed the award.

Petitioner contends that there is no competent evidence tending to sustain the finding of the commission that respondent's disability was caused by the accidental injury. The evidence is undisputed that he is at this time permanently totally disabled from doing ordinary manual labor. Petitioner, however, contends that the evidence shows that such disability is due to a pre-existing tubercular condition rather than to the accidental injury. Medical evidence was introduced by it which supports such contention. There is also testimony, both lay and medical, to the contrary.

Respondent testified that on the 28th day of March, 1946, while in the employ of petitioner and while engaged in drilling a stope hole in a mine, he was holding the drilling machine in his right hand and that he turned his head toward the left and his foot slipped off the ledge, that the machine, which weighed from 150 to 175 pounds, fell against him, and that in attempting to hold the machine to prevent it from falling upon him, he fell in a twisted position causing severe pain in his right side. He stated it felt as though something had torn loose in the right side of his chest; that the accident occurred about 3 o'clock in the afternoon; that he worked about 15 minutes thereafter but felt sick and faint and also felt a burning sharp pain in his chest; that he then left the mine and went home and at 5 o'clock he suffered a severe hemorrhage from his lungs; that he was then taken to a hospital in Picher, where he was treated by Dr. Connell for a period of five days and discharged; that his condition has never improved and that since the date of the accident he has been unable to do ordinary manual labor; that prior thereto he was a healthy able-bodied man, had worked hard every day; that he never had experienced any trouble with his chest, nor as far as he knew had never suffered from bronchitis or tuberculosis.

Dr. McNaughton testified that he examined respondent April 7, 1946, and also examined an X-ray plate theretofore taken; that he obtained a history of the accident from respondent and from such history and examination stated that in his opinion respondent was then totally permanently disabled. He further testified that he found that respondent's ninth and tenth ribs on the right side had been broken loose from their spinal attachment; that his lungs had been noticeably affected; that respondent prior to the injury was apparently affected with a tubercular condition which was then dormant; that the injury aggravated and accelerated such condition to produce a permanent total disability, and that such disability was caused by the accidental injury sustained on the 28th day of March, 1946.

While the evidence on this question is in conflict it cannot be said in view of the testimony of Dr. McNaughton and respondent that there is no competent evidence to sustain the award. The mere fact that respondent at the time of the injury was afflicted with a tubercular condition which was then dormant will not prevent the recovery of compensation since it is shown by the evidence that the accidental injury accelerated, aggravated and brought to life such condition so as to create a disability which did not previously exist. Petroleum Chemical Corp. v. State Industrial Commission, 154 Okla. 67, 6 P. 2d 775; Skelly Oil Co. v. Rose, 176 Okla. 313, 55 P. 2d 1019; Billington Lumber Co. v. Newport, 180 Okla. 407, 69 P. 2d 1039.

In the case of Oklahoma Furniture Mfg. Co. v. Washington, 180 Okla. 381, 70 P. 2d 69, we said:

"Where, in a proceeding before the State Industrial Commission to obtain an award for compensation under the Workmen's Compensation Law, the evidence is conflicting as to whether the disability of the employee is due to disease or to an accidental injury, and there is competent evidence to support either theory, an award based on accidental injury is within the jurisdiction

of the commission and will not be disturbed by this court on review. Shell Petroleum Corp. v. White, 176 Okla. 573, 56 P. 2d 830."

Petitioner further contends that the State Industrial Commission was without jurisdiction to award respondent compensation for the reason that he failed to give written notice of the injury as provided by 85 O.S. 1941 § 24. Petitioner did not raise this issue by pleading or otherwise at the hearing. The commission was therefore not required to make any finding on such issue nor to excuse the failure to give such notice. Southwestern Light & Power Co. v. Gossett, 166 Okla. 69, 26 P. 2d 183; Anderson & Prichard v. Pyle, 159 Okla. 188, 14 P. 2d 938.

Respondent in his brief asserts that the evidence conclusively shows that he was permanently totally disabled and that the commission should, therefore, have entered an award based upon total permanent disability instead of 50 per cent permanent partial disability, and that the award should be vacated by this court with directions to the commission to enter an award based on total permanent disability. Respondent, however, failed to cross-appeal. We are therefore without jurisdiction to consider this question.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.

---

### Supplemental Opinion.

This cause was submitted on the 27th day of February, 1947. An opinion was promulgated June 10, 1947. The death of respondent has been suggested to this court and shown to have occurred after the submission of the cause and before the approval of the opinion by the court in the statement made that Virgil Lee died on the 12th day of April, 1947. While the fact of said death between the submission and the decision does not impair the validity of the award, in order to preserve all rights thereunder, said decision and opinion filed herein June 10, 1947 is recalled, set aside and the clerk of this court directed to refile said opinion and enter the judgment and opinion of this court in this cause nunc pro tunc as of February 27, 1947, the date said cause was submitted. Spencer v. Hamilton, 156 Okla. 194, 13 P.2d 81; Hopkins v. Lippert, 193 Okla. 144, 141 P.2d 996.