OKLAHOMA CITY HDWE. CO. et al.
v. PERKEY et al.

No. 34755.  Oct. 2, 1951.

236 P. 2d 252.

Crouch, Rhodes & Crowe, Oklahoma City, for petitioners.

Schwoerke & Schwoerke, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J.  This is a proceeding by Oklahoma City Hardware Company and its insurance carrier to review an award of the State Industrial Commission awarding compensation for temporary total disability to respondent L. G. Perkey.

Respondent in his claim for compensation states: On the 28th day of December, 1949, while in the employ of Oklahoma City Hardware Company and while engaged in invoicing a stock of goods, he stepped on an object and his foot slipped when he fell in a strained position causing injury to his back resulting in some permanent disability to his person.

The trial commissioner, in substance, found that on the 28th day of December, 1949, while in the employ of Oklahoma City Hardware Company and engaged in a hazardous employment, respondent sustained an accidential personal injury, arising out of and in the course of his employment, to his back resulting in a ruptured intervertebral disc; that as a result of such injury he has been totally temporarily disabled from January 10, 1950, and is entitled to recover compensation from that date less the five-day waiting period in the sum of $475, payable at the rate of $25 per week, and directed that petitioners continue such payment until further order of the commission.

The award was sustained on appeal to the commission en banc.

Petitioners contend that there is a total lack of evidence to sustain the award.

Respondent, in substance, testified: He was an employee of petitioner Oklahoma City Hardware Company. It was engaged in the wholesale mercantile business and kept a large warehouse in connection with its business. He was primarily employed as a salesman. On the date he sustained his injury he was assigned to the duty of checking and invoicing stock on hand. The top of the shelves upon which some of the stock was located was about seven feet from the floor. He had no stepladder and could not while standing on the floor check and invoice the stock. He placed his left foot on the second shelf which was about eighteen inches from the floor, braced himself with his right hand and placed his right foot on another shelf. After completing his work he stepped from this position to the floor; in so doing he stepped on some object which rolled away from his feet which placed his body in a twisted position causing an injury to his back and left hip. It felt as though his hip had slipped out of joint. He further testified that before he sustained his injury he was an able-bodied man, and able to do ordinary manual labor. After he sustained his injury he kept working for several weeks when his hip started to pain him and he was then compelled to discontinue work.

He then notified his boss of the injury and was by him directed to see a chiropractor. He took treatments from the chiropractor for several weeks but the treatments did him no good. He again notified his boss who directed him to see another physician which he did and took treatments from him for several weeks without result. This physician advised him to consult Dr. O'Donoghue who likewise treated him for several weeks without result. He then advised an operation which was later performed.

Dr. O'Donoghue testified he first saw and examined respondent on the 20th day of January, 1950. He obtained a case history from him and further testified from a prior written report made by him and on file with the commission in which he stated and testified that his diagnosis of the case revealed an injured intervertebral disc and operated upon respondent; that he made satisfactory progress for about two weeks following the operation when he began to complain of pains around the left hip. He then made a further examination which revealed that there was a large tumor at the neck of the femur and respondent was suffering from cancer. He further testified:

" . . . After considering all of the above findings it is my opinion this patient did have a ruptured intervertebral disc which was attributable to the injury related. This has no connection with the malignancy, it has developed coincidently."

He further testified that as the result of the injury respondent was totally permanently disabled for a period of about six months.

Another physician, who examined respondent at the request of counsel for petitioners, testified he examined respondent on the 27th day of May, 1950, and in answer to a hypothetical question propounded by counsel based on the evidence adduced, including the diagnosis and testimony of Dr. O'Donoghue as to the cancerous condition which had then developed, stated that respondent's condition was due to the tumor of the upper femur which caused the marked pain down his leg and also down his hip. He further testified that his examination had disclosed that respondent had sustained an injury to his disc and that such injury might have aggravated the cancerous condition, but later modified his testimony by stating that he did not mean to say that it would cause the cancer to grow but meant to say it would only call such condition to the attention of respondent. He further testified that a patient successfully operated for an injured disc ordinarily would be temporarily totally disabled for a period of about six months. This in substance constitutes the evidence in the case.

It is the first contention of petitioners that there is no competent evidence tending to sustain the finding of the commission that the respondent sustained an accidental injury while in the employ of petitioner Oklahoma City Hardware Company. It is urged that the evidence fails to show any unusual or unforeseen movement of respondent or any activity which would be likely to produce a strain and it cannot therefore be said that the injury received by respondent constituted an accidental injury. In support of this contention they rely upon Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751; Phillips Pet. Co. v. Eaves, 200 Okla. 21, 190 P. 2d 462, and other cases.

These cases are distinguishable from the present case on the facts.

The evidence in the present case shows the occurrence of some unusual and unforeseen movement other than the normal movement of a normal man at the time he sustained his injury. It is shown that when respondent had completed his work of invoicing the stock he stepped from the shelf to the floor and stepped on some object which caused his foot to slip placing his body in a twisted and strained position causing him an injury to his hip and back. The injury under this evidence constitutes an accidental injury within the meaning of the Workmen's Compensation Act. Gulf Oil Corp. v. Rouse, 202 Okla. 395, 214 P. 2d 251; Clarksburg Paper Co. v. Roper, 196 Okla. 504, 166 P. 2d 425; Carden Mining & Milling Co. v. Yost, 193 Okla. 423, 144 P. 2d 969.

It is further contended that there is no competent evidence tending to sustain the finding of the Industrial Commission that respondent as a result of his injury was temporarily totally disabled. We do not agree.

The physicians testifying all agree that respondent as a result of his injury suffered a ruptured disc. The testimony is undisputed that at the time of the injury the cancerous condition found to have developed had not progressed to such an extent as to make such condition disabling. Dr. O'Donoghue testified that after the operation respondent's condition improved and continued to improve for about two weeks and the cancerous condition was later discovered. There is also medical testimony to the effect that the injury to a certain extent aggravated and brought to life this condition so as to make it noticeable to respondent.

Notwithstanding the evidence shows after respondent sustained his injury it was discovered that a cancer had developed but which was not then noticeable to him, was aggravated and brought to life by the injury, and thereafter progressed to such an extent as to render him permanently totally disabled, we think the evidence sufficient

to sustain the finding of the commission that as a result of his injury respondent was temporarily totally disabled and the commission ruled correctly in awarding him compensation for such disability. Sinclair Prairie Oil Co. v. Stevens, 194 Okla. 109, 148 P. 2d 176; M. & W. Mining Co. v. Lee, 199 Okla. 76, 182 P. 2d 759.

Award sustained.

HALLEY, V.C.J., and CORN, DAVISON, and BINGAMAN, JJ., concur. GIBSON, J., concurs in conclusion.