UNITED STATES GYPSUM CO.
v. MARTIN et al.

No. 35121.    April 1, 1952.

*242 P. 2d 730.*

Crouch, Rhodes & Crowe, Oklahoma City, for petitioner.

W. F. Smith and Wm. G. Smith, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

BINGAMAN, J. This is a proceeding by United States Gypsum Company, own risk carrier, to review an award of the State Industrial Commission awarding compensation to respondent, F. E. Martin.

Respondent in his amended claim states that on August 7, 1947, while in the employ of petitioner and while engaged in working in petitioner's mine, a heavy rock weighing about 500 pounds fell on his left wrist causing an open wound on his left hand which resulted in the total loss of use of the hand.

The trial commissioner, in substance, found that on August 7, 1947, respondent while in the employ of petitioner sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his left hand; that respondent failed to give written notice of such injury, but that petitioner had actual knowledge thereof and was not prejudiced because of the failure of respondent to give written notice; that on the date respondent received the injury to his left hand there had developed a cancerous condition of the hand of which respondent was not aware; that as a result of the injury he sustained an open wound on his left hand which aggravated and accelerated the cancerous condition and caused it to flare up into active malignancy; that as a result of his injury he sustained 50 per cent permanent loss of use of the hand, and awarded respondent compensation accordingly.

Petitioner brings the case here to review this award. It is first contended by petitioner that the evidence is insufficient to establish that respondent sustained an accidental injury to his hand on August 7, 1947, or at any other time.

The record discloses that respondent in his original claim fixed the date of his injury as August 16, 1947, and in his testimony stated that it occurred on that date. Petitioner offered evidence showing that its employees were out on strike on that day, that respondent was not working on that date, and could not therefore have sustained any injury on that day while in its employ. Upon the offering of this evidence respondent, with the permission of the trial commissioner, amended his claim so as to change the date of the injury from the 16th day of August, 1947, to the 7th day of August of that year. Respondent, however, further testified that he sustained his injury on Thursday immediately preceding the end of the week on which he received his last pay check. The record discloses that he received the check for that payment on August 10, 1947. From this evidence it would appear that if respondent sustained an accidental injury while in the employ of petitioner he did sustain such injury on or about the 7th day of August, 1947. Petitioner offered evidence tending to show that it had no notice or knowledge that respondent claimed to have sustained an accidental injury while in its employ and that it never heard of such injury until shortly prior to the time the claim was filed; that it had no record of any accident having occurred at its quarry at any time during the month of August, 1947. Respondent, however, positively testified that he sustained an accidental injury which was caused by a heavy rock falling on his wrist causing an open wound on his hand; that the injury occurred while he was in the employ of petitioner; that he notified petitioner's foreman of such injury. While respondent's evidence is somewhat confusing as to the exact date he sustained his injury, we think his evidence taken as a whole shows that he sustained the injury on or about August 7, 1947, and that such injury resulted in the total loss of use of his hand. The trial commissioner so found. We cannot say that there is no competent evidence reasonably tending to sustain such finding.

The main contention of petitioner is that the evidence shows that such disability which respondent now has to his left hand was not caused by any injury, but was caused solely by a pre-existing cancerous condition which had existed in his hand long prior to the time he sustained his injury.

In this respect respondent testified that prior to the time he sustained his injury he had a crippled hand as a result of an injury sustained to his hand in early childhood; that notwithstanding such injury he was able to and for a good many years did perform hard manual labor; that he worked for petitioner in its mine quarrying rock for about three years prior to the time he sustained his injury; that if he had then developed a cancerous con-

dition of the hand he was not aware of such condition; that it was not developed to such an extent as to cause total disability to the hand prior to the time he sustained his injury on August 7, 1947.

Petitioner's foreman testified that respondent had been working regularly for petitioner in its mine for about three years prior to August 7, 1947; that he was a good worker and did his work well.

Different physicians at different times separately examined respondent's hand and all agreed that at the time they made their several examinations respondent had a cancer on his hand; that the cancer had developed to such an extent as to cause total loss of use of the hand. They, however, disagreed as to the cause of such disability. Two of the physicians who had examined respondent testified orally and each stated at the time of his examination respondent had developed a cancer on his hand; that in his opinion the cancer was neither caused nor aggravated by any injury; that the cancer had been fully developed and had existed for at least a year prior to the time respondent claimed to have sustained his last injury and that the condition of his hand now existing is due solely to the cancer. Dr. White, however, testified that he had on different occasions examined respondent's hand; that prior to the accident respondent had a disability of approximately 35 per cent to his hand; that he obtained a history from respondent as to the accident and upon that history and his own personal examination expressed his opinion that respondent prior to his injury had developed a cancerous condition of the hand of which he was not aware; that he found there existed an open wound on his hand, and stated that in his opinion the injury to the hand in 1947 activated and brought to life the cancerous condition so as to produce and cause the disability now existing to his left hand.

While there is a conflict in the evidence as to the cause of the disability sustained by respondent, we think the evidence of Dr. White, when considered in connection with the evidence of respondent, is sufficient to sustain the finding and award of the State Industrial Commission.

In M. & W. Mining Co. v. Lee, 199 Okla. 76, 182 P. 2d 759, and other cases, this court held:

"An accidental injury, sustained by a workman engaged in a hazardous occupation within the Workmen's Compensation Act, which aggravates or produces activity of a latent or dormant disease, thus creating a disability which did not previously exist, is compensable."

"Where, in a proceeding before the State Industrial Commission to obtain an award for compensation under the Workmen's Compensation Law, the evidence is conflicting as to whether the disability of the employee is due to disease or to an accidental injury, and there is competent evidence to support either theory, an award based on accidental injury will not be disturbed by this court on review."

Award sustained.

HALLEY, V. C. J., and CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.