BISHOP'S RESTAURANT, Inc., et al. v. McKIM et al.

No. 35765.   June 9, 1953.

*258 P. 2d 170.*

H. R. Palmer and Fenton & Fenton, Oklahoma City, for petitioners.

John G. Hervey and J. B. Beaird, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J.   On November 21, 1951, Horrell McKim filed a claim for compensation against his employer, Bishop's Restaurant, Inc., and its insurance carrier, United States Fidelity & Guaranty Company, wherein he claimed compensation for an injury sustained on June 23, 1951, to his head, hip and legs.

Thereafter the parties entered into a joint petition settlement agreement whereby claimant agreed to settle his claim for the sum of $2,000.   On January 3, 1952, the commission after full hearing approved the settlement and awarded claimant compensation accordingly, which award has been fully paid and satisfied.

On January 16, 1952, claimant, Horrell McKim, died. On February 26, 1952, Susie McKim, surviving wife and widow of deceased, filed a claim for compensation against the above-named parties under the death benefit provision of the Workmen's Compensation Act in which she claimed to be the sole dependent of deceased and stated that she wholly depended upon him for support; that deceased's death was caused by an assault inflicted upon him by a third person seeking to enter Bishop's Restaurant; that the assault occurred while deceased was in the employ of Bishop's Restaurant and arose out of and in the course of his employment.

It is stipulated that Bishop's Restaurant, Inc., carried compensation insurance for its employees and that deceased's salary was computed with other employees in arriving at the premium paid on the policy.

The trial commissioner to whom the case was assigned for hearing at the conclusion of the evidence, in substance, found: On June 23, 1951, Horrell McKim, while in the employ of Bishop's Restaurant, Inc., and engaged in a hazardous employment, sustained an accidental injury arising out of and in the course of his employment resulting in his death; that the employment

in which he was then engaged was not hazardous in its nature, but that respondents were estopped from denying the employment was hazardous by reason of the facts stated in the above stipulation; that deceased left surviving him as his sole dependent his widow, Susie McKim, claimant herein, and that she was entitled to recover compensation in the sum of $13,500 as provided by statute, 85 O.S. 1951 §22, par. 7; and further found that the joint petition settlement entered into between the parties and approved by the commission did not bar claimant as a dependent of deceased from prosecuting her claim; and under the above findings entered an award in favor of claimant for the amount above stated. The award was sustained on appeal to the commission en banc.

Bishop's Restaurant, Inc., and its insurance carrier, hereinafter referred to as petitioners, bring the case here for review and seek to vacate the award on the sole ground that there is a total lack of medical evidence tending to sustain the finding of the commission that deceased's death was caused by the injury sustained on June 23, 1951.

Horrell McKim prior to his death testified at the hearing on joint petition settlement. A transcript of his testimony taken at that hearing was by agreement admitted in evidence at the present hearing. At the joint petition settlement hearing deceased, in substance, testified: On June 23, 1951, while in the employ of Bishop's Restaurant, he sustained an injury to his head, back, hip and legs resulting in some disability to his person. He was employed as a checker between the main restaurant and the tap room. It was his duty to check employees and others as they passed from the tap room into the restaurant.

On the night he sustained his injury he encountered some trouble with an intoxicated customer who sought to enter the restaurant. He put the customer out the back door and as he was standing in the door the customer pulled him out into the alley, hit him over the head with some hard instrument, knocked him down and rendered him temporarily unconscious. As a result of his injury he was compelled to discontinue work and has not since been able to do any work; that he never had any previous injury to his head; that the only injury of any kind he had previously had was about three or four years ago when he fell and sustained a slight injury to his kneecap.

The medical evidence is in conflict as to the cause of deceased's death. Several physicians testified that his death was not caused by the injury sustained on June 23, 1951, but was due to other causes. One doctor, however, testified he performed an autopsy on the body of deceased on the 19th day of January, 1952. The purpose of the autopsy was to determine the cause of his death; that his death was caused by cerebral apoplexy which means a hardening of the arteries of the brain. He found in the brain evidence of a contusion giving definite evidence of previous trauma to the brain; that there were definite indications that he had not completely recovered from the trauma which he had and which finally caused his death, and, after stating in detail other conditions found to exist, in answer to questions propounded by the trial commissioner, the doctor stated:

"Q. Doctor, just state what you concluded, what your diagnosis was that caused the death of Mr. McKim? A. Cerebral apoplexy.

"By the Court: And what do you think brought that on or did you form a conclusion as to that? A. The man had a pre-existing advanced hardening of his arteries, and he had definite evidence of a contusion which had occurred sometime and had not entirely healed and terminally he had a so-called stroke or apoplexy which was the cause of his death.

"By the Court: Did you form a conclusion as to whether or not this contusion that you found that happened had

anything to do with the cause of this hardening of the arteries? A. It would be my opinion that the contusion would be a precipitating or aggravating cause. He had pre-existing vessels which were hard and inelastic and the type which made it very hazardous for him, if we may state it that way, to be subjected to severe trauma which we know he had."

On cross-examination the doctor said he did not know how long the condition he found had existed. He had no history of any date upon which deceased sustained his accident. His testimony is based entirely on what he found on autopsy and did not take into account any period of time that may have elapsed between any trauma deceased might have sustained and his death, nor did he intend to testify that any particular incident or trauma played any part in the condition he found to exist. This, in substance, constitutes the medical evidence relied upon by respondents to sustain her claim.

It is contended by petitioners that the evidence is wholly insufficient upon which to base a finding that deceased's death was caused by the injury sustained on June 23, 1951.

It is true as contended by petitioners that the doctor did not directly and specifically testify that the apoplexy which he found to exist, and which was caused by trauma to the brain, occurred on the 23rd day of June, 1951. We think, however, that his testimony connected with the testimony of deceased given at the joint petition hearing, to the effect that he had no prior injury to his head, is sufficient to sustain the finding of the commission. Tidewater Associated Oil Co. v. Ale, 191 Okla. 414, 130 P. 2d 991. In Swift & Co. v. Brown, 202 Okla. 572, 216 P. 2d 294, we said:

" * * * Although Dr. Henry was not given a statement or history of the accidental injury by claimant, the State Industrial Commission had a complete description of the injury by claimant and of the sequence of events leading up to the disability, and Dr. Henry

stated the disability was not due to the usual cause, towit: stricture. But the statement of Dr. Henry that injuries such as claimant's are due either to accident or disease, and that claimant's disability is not due to disease, is evidence of the fact that it was due to accident. The evidence, although not categorical, reasonably informs the State Industrial Commission that there is a disability due to an accidental injury sustained by the employee during his employment. That is sufficient. City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094; Magnolia Petroleum Co. v. Clow, 163 Okla. 302, 22 P. 2d 378; Burch v. Slick, 167 Okla. 639, 31 P. 2d 110. * * *"

Whether a disability is attributable to an injury or other cause is a question of fact to be determined by the State Industrial Commission from the competent evidence adduced. Its determination of this fact will not be disturbed where reasonably supported by medical testimony. M. & W. Mining Co. v. Lee, 199 Okla. 76, 182 P. 2d 759; Henson v. Tulsa Sales & Service Co., 205 Okla. 157, 236 P. 2d 249.

Award sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur.