DOUGLAS AIRCRAFT COMPANY, Inc., and Employers Mutual Liability Insurance Company of Wisconsin, Petitioners,

v.

John I. PEMBERTON and the State Industrial Commission, Respondents.

No. 37140.

Supreme Court of Oklahoma.

July 10, 1956.

Sanders & McElroy, Tulsa, for petitioners.

N. B. Day, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding by Douglas Aircraft Company and its insurance carrier, Employers Mutual Liability Insurance Company, to review an award of the State Industrial Commission to the respondent, John I. Pemberton, hereinafter called the claimant.

It is first contended by the petitioners that the award was unauthorized and should be vacated because the claimant failed to give written notice of his injury within thirty days in compliance with 85 O.S.1951 § 24, and that the Commission failed to make an order excusing such failure. In support of their contention petitioners rely upon Massachusetts Bonding and Insurance Co. v. Welch, 194 Okl, 22, 146 P.2d 995, wherein the court said in the first paragraph of the syllabus:

"Where no statutory written notice has been given as provided by 85 O.S. 1941 § 24, and the employer raises the issue of failure to give the statutory written notice in the Industrial Commission, said Commission is not authorized to make an award unless it excuses the failure to give said notice either on the ground that notice for some sufficient reason could not have been given or that the insurance carrier or the employer, as the case may be, has not been prejudiced thereby."

It is contended by claimant that the failure to give notice was not raised as an issue at the hearing and that, under these circumstances, an order by the Commission excusing the failure to give notice was unnecessary. In support of this rule claimant relies on M. & W. Mining Co. v. Lee, 199 Okl. 76, 182 P.2d 759, 760, wherein the Court said:

"When, on the hearing of a complaint filed by an employee under the Workmen's Compensation Act, no objection is made that such employee failed to give notice of his injury to the employer, it is unnecessary for the State Industrial Commission to make any finding upon that question or in any way excuse the failure to give such notice."

The question to be determined then, in the instant case is whether the failure to give notice was raised as an issue. The record discloses that petitioners did not raise the issue in their answer. When the claim was called for hearing, the parties stipulated that the only issue to be tried was whether claimant's disability resulted from an injury arising out of and in the course of his employment. At no time during the course of taking testimony did petitioners announce to the Commission that they desired to expand the issues and the evidence of both parties was confined chiefly to the issues as drawn by the pleadings and defined by the trial stipulation.

A part of the evidence before the Commission in this case was presented in the form of depositions filed with the Commission together with a stipulation that the case was submitted for the Commission's order upon the filing of the depositions. When the last witness had been examined by deposition, the attorney for the petitioners dictated into the deposition a motion to deny the claim on the grounds that the claimant failed, to the prejudice of petitioners, to give the statutory notice.

It is contended by petitioners that this motion was sufficient to raise the issue.

We do not agree with this contention. Rule 10 of the Rules of Procedure adopted by the State Industrial Commission provides that failure to give notice must be pleaded or it will be presumed waived as a defense. Petitioners had not plead failure to give notice. Furthermore, they had entered into a trial stipulation which eliminated notice as an issue. The theory upon which the case was tried did not embrace that issue. That issue had been waived.

We hold under these circumstances it was unnecessary for the Commission to make an order excusing failure to give notice.

■ Petitioners further contend that the findings of the Commission were not responsive to the issue made by petitioners; that is, that claimant's disability, if any, was caused by his own disregard of medical advice and was not the result of an accidental injury.

The Commission made a finding in this case that claimant sustained an accidental personal injury and that, as a result of such injury, he is temporarily totally disabled. This finding necessarily includes a finding that claimant's disability was not caused by his disregard of medical advice. The finding made decides the sole issue that was before the Commission; and that is, what caused claimant's disability? Having heard evidence on the possible causes of disability the Commission concluded there was only one cause and that was "accidental personal injury."

■ It is next contended by petitioners that there is no competent evidence to sustain the finding and order of the Commission.

There was conflicting evidence as to the cause of claimant's disability and as to the nature and extent thereof. There was some inconsistency between claimant's statements to the examining physicians and his testimony at the hearing.

But there is evidence that claimant, on February 11, 1955, suffered an accidental personal injury arising out of and in the course of his employment by petitioner; that as a result of that accident, he sustained a herniated disc which rendered the claimant temporarily totally disabled. The conflicting evidence presented an issue of fact which the Commission resolved in favor of claimant, and there being evidence to support the finding of the Commission, the same will not be disturbed on review by the Supreme Court.

Award sustained.