## HOLLIS v. MID-CONTINENT PETROLEUM CORP. et al.

No. 26488.  Nov. 12, 1935.

Chas. W. Wortman, for petitioner.

Mac Q. Williamson, Atty. Gen., Houston W. Reeves, Asst. Atty. Gen., J. C. Denton, R. H. Wills, J. H. Crocker, F. A. Graybill, I. L. Lockewitz, and J. B. Greve, for respondents.

PER CURIAM. This is an original proceeding commenced in this court by the above-named petitioner against the above-named respondents to review an order of the State Industrial Commission denying him compensation.

The petitioner's claim was filed August 30, 1934, based upon a claimed personal injury dating from "February 25, 1919, to December 6, 1933, and particularly on November 26 and 27, 1933." Subsequent to this date the petitioner amended his claim to conform to the proof, but eliminated the portion thereof relative to February 25, 1919, and finally upon the last hearing stated that he wished to rely upon the accident alleged to have occurred on the 26th and 27th day of November, 1933.

The claimant was a mixer and in charge of the acid plant as operating engineer, and as such in the employ of the respondent Mid-Continent Petroleum Corporation, from the dates mentioned in the first notice of injuries. It is his claim, and competent testimony was introduced before the Commission to support the same, that he was injured by the boiling over of the mixture which he was employed to supervise, and that the gas and fumes therefrom created a condition which led to the contracting of tuberculosis, so that he was at the time of the filing of the claim totally and permanently disabled by reason of tuberculosis.

There were two hearings before the Commission, and after the first hearing on November 3, 1934, the Commission entered the following finding of fact:

"That there was not sufficient evidence to show the claimant received an accidental injury arising out of and in the course of his employment with respondent herein as covered by the provisions of the Workmen's Compensation Law."

After this finding of fact and order by the Commission, and beginning on December 27, 1934, a second hearing was had resulting in an order dated the 11th day of June, 1935, in which the finding is as follows:

"That the evidence is insufficient to establish that the claimant received an accidental injury arising out of and in the course of his employment with the respondent herein as defined by the provisions of the Workmen's Compensation Law."

Upon such a finding the Commission disallowed the claimant's petition for compensation, and this original proceeding was instituted to reverse the order entered.

The claimant introduced before the Com-

mission the testimony of qualified and competent physicians. These physicians testified that in their opinion claimant was suffering from tuberculosis and was disabled. The respondent introduced qualified and competent physicians who testified that they had examined the claimant, and that their opinion, after such thorough examinations, which included observations in hospital, X-rays, and other technical examinations, led to the conclusion on their part that the claimant was not suffering from tuberculosis, and that if he were suffering from any injuries of an internal nature it was not due to the gas fumes arising from the condition of the acid plant or his work therein.

This court has many times announced the rule that the findings of fact by the State Industrial Commission are conclusive upon this court and will not be reversed where there is any competent evidence to support the same. Turner v. State Indus. Commission, 174 Okla. 486, 50 P. (2d) 668; Gulf Pipe Line Co. v. Keener, 162 Okla. 281, 20 P. (2d) 170; Century Indemnity Co. v. Chamberlain, 152 Okla. 158, 4 P. (2d) 79. Petitioner alleges that the testimony of the physicians introduced by him is overwhelming, and that in order to affirm the order of the State Industrial Commission, it would be necessary to ignore their testimony and adopt the theory of the physicians whose testimony was introduced by the respondent herein, who offer no competent testimony to dispute that offered by the claimant.

In the case of J. J. Harrison Construction Co. v. Mitchell, 170 Okla. 364, 40 P. (2d) 643, this court said:

"It is the settled rule that, where the injuries complained of are of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled and professional persons."

And again, in St. Louis Mining & Smelting Co. v. State Indus. Commission, 113 Okla. 179, 241 P. 170, this court said:

"In the case of Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785, it is said:

" 'It is the settled rule that, where the injuries complained of are of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled professional persons.' See, also, Ewing et al. v. Goode, 78 Fed. 442."

It therefore appears that from the testimony, the nature of which has been many times approved by this court, submitted to the Commission by competent physicians, they choose to adopt as their finding of fact those in support of the respondent. Under the above authorities, it is neither the province nor the duty of this court to interfere with the order of the Commission based thereon.

The order and judgment of the State Industrial Commission denying award is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur. BAYLESS, WELCH, and CORN, JJ., absent.