## KEMP v. COMAR OIL CO., Inc., et al.

No. 28814.   Oct. 17, 1939.

O. B. Martin, of Blackwell, for petitioner.

Geo. W. Cunningham and C. L. Stinnett, both of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. Arthur A. Kemp, hereafter referred to as petitioner, seeks a review of an order made by the State Industrial Commission on July 26, 1938, which denied him an award of additional compensation against the Comar Oil Company, hereafter referred to as respondent.

On December 29, 1930, the State Industrial Commission awarded petitioner the sum of $2,070 as compensation for temporary total disability and a permanent partial disability to his right leg which it found had resulted from an accidental injury sustained by the petitioner on May 7, 1930. This award became final and payments thereunder were completed on July 27, 1932. On December 30, 1937, the petitioner requested the State Industrial Commission to reopen the cause

and to award him additional compensation on the ground that he had undergone a change in condition which had resulted in a permanent total disability. The evidence offered at hearings held on the aforesaid application was in accord with respect to the fact that petitioner was then permanently and totally disabled, but was in conflict with respect to whether such condition was due to disease or to the prior injury which petitioner had sustained. The commission was of the opinion that the evidence was insufficient to authorize an additional award and denied further compensation.

The petitioner challenges the order so made and contends that the evidence was sufficient to establish his claim of change in condition, and that even though it was insufficient, nevertheless he was entitled to an additional award, since it was conceded that he was permanently and totally disabled at the time of the last hearing. The petitioner cites a number of cases which discuss the sufficiency of the evidence to sustain an award of additional compensation on change in condition, and also cases which recognize the authority of the State Industrial Commission to make an award for permanent total disability where such condition is attributable to the original injury after awards for temporary total and permanent partial disability have been made. Obviously, such rules have no application to situations where the question of whether there has been a change in condition or whether the disability is attributable to the original injury has been decided adversely, and which is the situation here. The substance of the petitioner's contention being that his evidence was such that had the commission believed it, he would have been entitled to an award. In this connection the petitioner in effect requests this court to weigh the conflicting evidence and to determine where the preponderance lies. This court has repeatedly declared that it will not do this. Magnolia Pet. Co. v. Watkins, 177 Okla. 30, 57 P.2d 622; Hazel-Atlas Glass Co. v. Greenwood, 178 Okla. 69, 61 P.2d 639; Magnolia Pet. Co. v. Russell, 175 Okla. 343, 50 P.2d 1102; Thomas Conlin Co. v. Guckian, 174 Okla. 463, 50 P.2d 299.

The proper rule is that where the evidence is in conflict with respect to whether disability is attributable to an original injury or to disease, the question is one for the determination of the State Industrial Commission and its decision thereon is conclusive. Shell Pet. Co. v. White, 176 Okla. 573, 56 P.2d 830. As stated in Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

The contentions which the petitioner seeks to make involve questions of fact and not those of law and are not reviewable, and since the order appears to be based upon a full consideration by the commission of all of the evidence and records on file and is reasonably supported by competent evidence, it will not be disturbed.

Order sustained.

WELCH, V. C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.