BROWN v. BOARD OF COM'RS OF PAYNE COUNTY et al.

No. 29683.   Oct. 1, 1940.

*105 P. 2d 1068.*

Williams, Teague & Williams, of Oklahoma City, for petitioner.

D. P. Hervey, County Atty., of Stillwater, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 14th day of March, 1939, Roy M. Brown, petitioner, filed employee's first notice of injury and claim for compensation stating that while employed as a general laborer for the board of county commissioners of Payne county, Okla., respondent herein, he sustained an accidental injury on October 10, 1938, when he skinned his ankle on a weed stubble which eventually resulted in infection and blood poisoning causing a permanent disability to his left foot, ankle, and leg. Respondent denied that petitioner had any such accident and raised the issue of failure to give statutory written notice.

The issue as to notice has been eliminated from this proceeding.

Hearings were held, and on the 7th day of October, 1939, the State Industrial Commission entered an order finding that petitioner sustained an accidental injury on October 10, 1938, resulting in temporary total disability and ordering payment for $98.72, but entered an order finding that the accidental injury did not result in any permanent disability and denied an award for permanent disability.

Petitioner has filed this original action to review the order denying permanent disability. It is his contention that the evidence discloses that he has a permanent partial disability.

The question presented is whether the finding and award of the State Industrial Commission is sustained by any competent evidence. Petitioner was working in the highway department of Payne county near the city of Cushing. He scraped his left leg or shin on some stubble. For the first three days no particular attention was paid to the accident, but on the fourth day after the accident some infection had set in and his brother took him to a doctor. On the 17th day of October, 1938, after the accident on the 10th day of October, 1938, he notified a county commissioner named Dirren, who advised him to get a good doctor. It is not disputed that after this time a serious swelling and infection resulted, for which due medical treatment was obtained, and the finding as to the temporary total disability is sustained by the evidence. As to whether there is any permanent disability as a result of the accidental injury is a question of fact to be determined as an administrative duty of the State Industrial Commission. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32; Hollis v. Mid-Continent Pet. Co., 174 Okla. 544, 51 P. 2d 498. In a proceeding of this nature the cause and extent of the disability alleged to exist must be determined by the testimony of skilled and professional persons. Magnolia Pet. Co. v. Clow, 163 Okla. 302, 22 P. 2d 378; Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P. 2d 1212.

Dr. Martin testified for the respondent. A review of his testimony discloses that he gave the State Industrial Commission evidence which, when reasonably construed by it, tended to inform the said commission that the infection caused by the scraping of the skin had healed, and that in the opinion of the physician the petitioner had no permanent disability. Although the cause and extent of the disability in such case must be established by skilled and professional persons, such testimony need not be given categorically, but when the testimony is sufficiently plain and explicit as to justify the meaning assigned to it by the State Industrial Commission and the finding is based thereon, this court will not disturb such finding. City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094. This court will not weigh the evidence where there is a conflict in the testimony, but where the finding is reasonably sustained by competent evidence, will affirm the award based thereon. Magnolia Petroleum Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622.

There is competent evidence reasonably tending to support the finding of the State Industrial Commission, and the order is sustained.

RILEY, OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.