## BURBA v. STATE INDUSTRIAL COMMISSION et al.

No. 31799. Dec. 5, 1944.

Rehearing Denied March 3, 1945.

Application for Leave to File Second Petition for Rehearing Denied April 10, 1945.

*157 P. 2d 199.*

S. J. Clay, of Oklahoma City, for petitioner.

Bulla & May, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On the 17th day of December, 1943, Euola Burba, hereinafter called petitioner, filed her first notice of injury and claim for compensation, stating that while employed by the respondent Douglas Aircraft Company, she sustained an accidental injury on July 8, 1943, when she forced her right hand into a hard object. On February 10, 1944, a single trial commissioner entered an award, which was vacated on the 10th day of April, 1944, wherein it is found and ordered:

"That said order should be, and it is hereby vacated, set aside and held for naught and the claim for compensation herein denied because the injury complained of is the result of the occupational hazard of the employment, and not an accidental personal injury on the date alleged."

Petitioner seeks to vacate the order and in the first proposition it is argued that there is no competent evidence in the record to support the order of the commission on appeal made April 10, 1944, and therefore the commission erred as a matter of law in making the order and vacating the trial commissioner's award in favor of petitioner.

The evidence discloses that petitioner was employed by respondent as a riveter. On the day after the injury, on July 8, 1943, petitioner reported to a nurse maintained by the respondent for the treatment of employees of the respondent. She did not state to either the nurse or the doctor that she had been injured on the previous date. Her physician testified that in his opinion she had a hand injury which was permanent in nature; that it resulted from a swelling of the forearm and the wrist and interfered with the use of the hand. He further testified that the petitioner gave him a history of striking the hand against some object on July 8, 1943. The physician for the respondent testified that in his opinion the condition of the hand was due to what is known as tenosynovitis, which is a rather technical disignation of a condition which results from inflamed tendons and resulting inability due to the lack of proper functioning of the hand; that this follows strain due to the constant use of a riveting machine; that in his opinion, when time has been given for the condition to clear up, she would be completely well.

The effect of the finding in the above order referred to is that there is no disability which is the result of accidental

injury. We have repeatedly held that the cause and extent of the disability resulting from an accidental injury is a question of fact, and if there is any competent evidence in the record reasonably tending to support the finding of the State Industrial Commission, an order or award based thereon will not be disturbed on review. Hollis v. Mid-Continent Petroleum Corp., 174 Okla. 544, 51 P. 2d 498; Cook v. State Industrial Commission, 186 Okla. 157, 96 P. 2d 1038; Brown v. Board of County Commissioners, 188 Okla. 52, 105 P. 2d 1068; and Zimmerman v. Sanders Const. Co., 188 Okla. 361, 109 P. 2d 486. Petitioner introduced before the commission the testimony of qualified competent physicians. The respondent likewise introduced competent medical evidence tending to support its theory. It therefore appears that from the testimony, the nature of which has been many times approved by this court, the commission chose to adopt as their finding of fact the evidence in support of respondent. Under the above authorities it is neither the province nor the duty of this court to interfere with the order of the State Industrial Commission based thereon.

Finally, it is argued that the order was not properly made in compliance with 85 O. S. 1941 § 77. The award was made by the single commissioner and was vacated by three members of the State Industrial Commission, one of which was the single commissioner making the original award. This is in compliance with 85 O. S. 1941 § 77. Petitioner urges, however, that thereafter, on the 14th day of April, 1944, the State Industrial Commission, by the same three members, denied an application to vacate the order of April 10, 1944, and denied the application for rehearing filed by the petitioner. The fact that after the order vacating the award was entered by the three commissioners petitioner filed a motion to vacate and a petition to rehear the latter order has no effect on the former proceeding for the reason that there is no procedure set out by statute requiring the State Industrial Commission to take any action after the order or award is made on appeal to the commission en banc.

The order of the State Industrial Commission is sustained.

GIBSON, V.C.J., HURST, V.C.J., and OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur. WELCH, J., dissents.