SKAGGS v. M. & W. MINING CO. et al.

No. 31976. May 15, 1945.

*158 P. 2d 722.*

H. P. Walker, of Miami, for petitioner.

A. L. Commons, of Miami, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This proceeding was brought by Frank Skaggs, hereinafter called petitioner, against M. & W. Mining Company, respondent, to review an order denying an award.

On the 30th day of November, 1943, petitioner filed employee's first notice of injury and claim for compensation stating that on November 6, 1943, while employed as a shoveler for the respondent at Miami, Okla., he was rolling a boulder about 50 or 75 pounds in weight and hurt his back; that as a result thereof severe strains or subluxation have resulted in the back. Hearings were conducted for the purpose of determining the extent of the disability. He was paid temporary disability from the date of the accident to and including April 7, 1944.

On the 29th day of June, 1944, after a complete hearing the State Industrial Commission found that the evidence was insufficient to establish that there was any permanent disability as a result of the accidental injury of November 6, 1943. Petitioner has commenced this proceeding to review the order denying the award and raises the sole issue that the finding is not supported by any competent evidence. The evidence discloses without doubt an accidental injury and the State Industrial Commission found that there was a temporary disability resulting from said injury. The testimony of medical experts introduced for the purpose of establishing permanent disability resulting from the accidental injury is in conflict with the testimony introduced by the employer and this question of fact was resolved in favor of the employer.

The burden of establishing by evidence sufficient to convince the State Industrial Commission that there was a disability resulting from the accidental injury was upon the petitioner.

We have many times held that the cause and extent of a disability are questions of fact, and if there is any evidence reasonably tending to support the finding of the State Industrial Commission, either an award or an order denying an award based thereon will not be disturbed on review. Petitioner relies upon the rule that where there is sufficient evidence to support an award it will be sustained. As stated in Kemp v. Comar Oil Co., 185 Okla. 527, 94 P. 2d 882, obviously such a rule has no application to situations where the fact has been resolved against the claimant as in the case at bar. This has been the consistent holding of this court. See Souder v. Mid-Continent Pet. Corp., 187 Okla. 698, 105 P. 2d 750; Rose v. Champlin Ref. Co., 184 Okla. 203, 86 P. 2d 317; Hanes v. Magnolia Pipe Line Co., 194 Okla. 657, 154 P. 2d 53.

The order denying the award is sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.