Dorothy E. PRICE, Petitioner,

v.

SPARTAN AIRCRAFT COMPANY and State Industrial Commission of the State of Oklahoma, Respondents.

No. 36318.

Supreme Court of Oklahoma.

Oct. 19, 1954.

Dunn & Nichols, Hughey Baker, Tulsa, for petitioner.

Covington & Donovan, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding brought by Dorothy E. Price, claimant, to review an order denying her an award. Claimant filed her first notice of injury and claim for compensation stating that while employed by Spartan Aircraft Company she sustained an accidental injury arising out of and in the course of her employment on August 5, 1953, when she sprained her back. The trial commissioner denied an award and on appeal to the Commission en banc the order denying the award was sustained.

Claimant testified that on the date referred to she had finished work on a trailer door weighing approximately fifty pounds and took it to the table of a fellow worker and placed it on the floor; that when she raised up she felt an extreme pain in her back. She was treated by Dr. B and examined by Dr. T and the latter testified that she had a disability due to the accidental injury. It developed that claimant had been treated for a back ailment as early as 1950 and that on at least one occasion had sustained a prior injury to her back. Three reports were filed by physicians for respondent and the purport of their testimony is that there is no disability due to any incident on August 5, 1953, or in connection therewith.

The medical testimony is in conflict. Claimant cites a number of cases including Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465. These cases follow the general rule that if there is any competent evidence to support the finding of disability due to strain such constitutes an accidental injury. They are not applicable where no award is made by the State Industrial Commission and the order denying the award is sustained by competent evidence. The effect of the order denying the award is that there is no disability which is the result of an accidental injury. In Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199, 200, it is stated:

" * * * Petitioner introduced before the Commission the testimony of qualified competent physicians. The respondent likewise introduced competent medical evidence tending to support its theory. It therefore appears that from the testimony, the nature of which has been many times approved by this court, the Commission chose to adopt as their finding of fact the evidence in support of respondent. Under

the above authorities it is neither the province nor the duty of this Court to interfere with the order of the State Industrial Commission based thereon."

In Skaggs v. M. & W. Mining Co., 195 Okl. 423, 158 P.2d 722, 723, it is stated:

"* * * Petitioner relies upon the rule that where there is sufficient evidence to support an award it will be sustained. As stated in Kemp v. Comar Oil Co., 185 Okl. 527, 94 P.2d 882, obviously such a rule has no application to situations where the fact has been resolved against the claimant as in the case at bar. * * *"

See, also, Turner v. State Industrial Commission, 174 Okl. 486, 50 P.2d 668; Hollis v. Mid-Continent Petroleum Corp., 174 Okl. 544, 51 P.2d 498; Roberts v. Magnolia Pet. Co., 201 Okl. 370, 205 P.2d 1160; McDaniel v. Douglas Aircraft Co. Inc., 200 Okl. 221, 192 P.2d 651; Powell v. State Industrial Commission, 208 Okl. 281, 255 P.2d 493.

The order denying the award is sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur.