**Lee Bradford BAILEY, Petitioner,**

v.

**CITY OF TULSA and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 36481.**

Supreme Court of Oklahoma.

Feb. 15, 1955.

A. D. Mason, Tulsa, for petitioner.

Thomas A. Landrith, Jr., City Atty., John W. Hager, Asst. City Atty., Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, V. C. J.

Lee Bradford Bailey, hereinafter called claimant, filed his claim for compensation stating that while employed in the garage of respondent, City of Tulsa, he sustained an accidental injury arising out of and in the course of his employment on November 4, 1953. The State Industrial Commission denied an award and claimant brings this proceeding to review the order denying the award.

The single issue presented is that the State Industrial Commission erred in denying the award. In this connection it is argued that since the State Industrial Commission made a finding that claimant sustained an accidental injury November 4, 1953, the uncontradicted evidence discloses that from December 1, 1953, until the date of the hearing on January 19, 1954, claimant was disabled by reason of the accidental injury.

Claimant testified that on November 4, 1953, while employed as a mechanic in the garage of respondent he was holding the

tongue of a 4,500 pound two wheel compressor when the compressor jerked and slipped back causing an injury to his back. He quit work on December 1, 1953. Between the date of the injury on November 4, 1953, and the date he quit work he lost no time because of his injury. He further testified that he has not been able to work since December 1, 1953; that he has tried to work on a farm but was unable to do the work. He filed a report of a medical expert witness in which the doctor stated that in his opinion claimant has a disability due to the accidental injury.

The record, among other things, contains reports of Dr. S. and Dr. B. It is their opinion that there is no disability due to the accidental injury but that any disability is due to other causes. The record further discloses that claimant sustained at least one other injury while employed by another employer. There is competent medical expert testimony which if believed would sustain a finding of the State Industrial Commission that there is a disability due to the accidental injury on November 4, 1953. On the other hand there is competent medical expert testimony to sustain the finding that any disability is not due to the accidental injury of November 4, 1953, but is due to other causes. Under such circumstances the question presented is one of fact for the sole determination of the State Industrial Commission. Hollis v. Mid-Continent Petroleum Corp., 174 Okl. 544, 51 P.2d 498; Souder v. Mid-Continent Petroleum Corp., 187 Okl. 698, 105 P.2d 750; Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199, 200. In Burba v. State Industrial Commission, supra, we said:

"* * * Petitioner introduced before the Commission the testimony of qualified competent physicians. The respondent likewise introduced competent medical evidence tending to support its theory. It therefore appears that from the testimony, the nature of which has been many times approved by this court, the Commission chose to adopt as their finding of fact the evidence in support of respondent. Under the above authorities it is neither the province nor the duty of this Court to interfere with the order of the State Industrial Commission based thereon."

 In Souder v. Mid-Continent Petroleum Corp., supra, it is stated:

"The order of the State Industrial Commission in a cause properly before it, based on its finding as to the cause of the disability arising from an accidental injury, will be sustained where there is any competent evidence reasonably tending to support such finding."

There is competent evidence reasonably tending to sustain the finding of the State Industrial Commission.

The order denying the award is sustained.

JOHNSON, C. J., and WELCH, CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.