H. C. PEDEN, Petitioner,

v.

AMERICAN IRON AND MACHINE COM-
PANY, a corporation; Pacific Employers'
Insurance Company, a corporation, and the
State Industrial Commission of the State
of Oklahoma, Respondents.

No. 35196.

Supreme Court of Oklahoma.

Feb. 7, 1956.

586

Claud Briggs, Oklahoma City, for petitioner.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

H. C. Peden, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on February 27, 1951, he sustained an accidental injury arising out of and in the course of his employment with American Iron and Machine Company, employer. The State Industrial Commission denied an award on the 29th day of May, 1951, and on appeal to the Commission en banc the order denying an award was sustained. This proceeding is brought by claimant to review the order denying the award.

The record discloses that on August 22, 1949, claimant filed a first notice of injury and claim for compensation stating that on August 8, 1949, he sustained a serious back injury while employed for another employer; that thereafter on June 22, 1950, a stipulation was entered into by him and his former employer and on August 1, 1950, he and his former employer settled on joint petition for all injuries resulting from said back injury.

Claimant testified that on February 27, 1951, he was carrying tool joints across a driveway and reached over and stooped to pick up two tool joints and when he got hold of them and raised up to turn around a sharp pain hit him in the back. He was sent to a doctor and treated for this injury and at the time of his testimony was wearing a brace. He stated that he has been unable to perform any work since this injury. Medical evidence offered in support of his claim tends to disclose a disability due to said injury by reason of which claimant is now temporarily totally disabled.

Two medical experts testified for respondents. The effect of the testimony of these experts is that any disability claimant now has is due to the original accident of August, 1949, and not to the claimed injury of February 27, 1951. This is purely a question of fact. See New York Indemnity Co. v. Miller, 163 Okl. 283, 22 P.2d 107. See, also Hollis v. Mid-Continent Petroleum Corp., 174 Okl. 544, 51 P.2d 498; Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199; and Price v. Spartan Aircraft Co., Okl., 275 P.2d 705.

Although the testimony is in conflict there is competent evidence from which the State Industrial Commission was authorized to find that the disability was due to the former injury.

Claimant also contends that the order of the State Industrial Commission should be vacated because it shows on its face the Commission did not consider all of the evidence. This is based on the claim that all of the testimony could not possibly be transcribed between the time the case was closed and the order of the Commission was entered. We do not agree. We will neither assume a violation of the principles of procedure nor set a time limit upon the right of the State Industrial Commission to determine an issue and unless there is a plain violation or an evasion of some mandatory duty under the statutes the proceeding of the State Industrial Commission will not be disturbed. We find no violation or evasion in this case.

It is also urged that the order of the State Industrial Commission discloses on its face that it was the purpose and intent of the Commission to hold that since claimant had settled on a joint petition for the injury of August, 1949, he could not thereafter sustain a further injury while working for another employer. It is not in the province of this court to search for error, or presume the same in the order made by the State Industrial Commission, but rather this court will indulge the reasonable presumption that it was the intention of the Commission to find only that

any disability claimant then had was due to other casues and not to the claimed accidental injury of February 27, 1951. There is competent evidence in the record to support this finding, and under the above decisions the order based thereon will not be disturbed on review.

Order sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.