Otto TUCKER, Petitioner,

v.

AMERICAN SMELTING AND REFINING COMPANY, Own Risk, and the State Industrial Commission, Respondents.

No. 36653.

Supreme Court of Oklahoma.

March 6, 1956.

Donald Church, Tulsa, for petitioner.

Robert L. Shepherd, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

Otto Tucker, hereinafter called claimant, filed a claim dated February 17, 1954, stating that while employed as a welder for American Smelting and Refining Company

he sustained an accidental injury arising out of and in the course of his employment August 13, 1953, when he injured his back while lifting on a heavy log. The State Industrial Commission denied an award and the claimant brings this proceeding against the employer, own risk, hereinafter referred to as respondent, to review the order denying the award.

Claimant testified that he was 43 years old and lived at Sand Springs and started to work for respondent June 3, 1953; that on August 13, 1953, he and a fellow employee were piling brush and logs for burning when he strained himself pulling on a log approximately ten feet long and ten or twelve inches thick. This happened about two or three o'clock in the afternoon. The next morning he reported to the foreman who sent him to a doctor. He lost no time from his work. He was discharged August 29, 1953. Claimant had sustained an injury to his back in 1951, during employment for another employer for which he was paid a substantial amount.

Following his discharge August 29, 1953, he was off for approximately three weeks. He then obtained a job with a construction company where he worked for three weeks. Following this he secured a job with a plumbing company where after five days' work he lost a toe as a result of which he lost nine or ten weeks after which he went to work for Lee C. Moore where he worked for three weeks as a welder and was laid off. On March 1, 1954 he commenced working as a bricklayer and was so employed when he testified on May 12, 1954.

In three propositions claimant presents the single issue that there is no competent evidence reasonably tending to support the finding of the State Industrial Commission and therefore the order denying the award is contrary to law.

Dr. W. testified for claimant and Dr. R. for respondent. Both doctors fixed a degree of disability approximately in the same amount. Dr. W. stated in his opinion claimant had a disability of 25% due to the accidental injury of August 13, 1953, while Dr. R. was of the opinion that the claimant's disability was due to other causes.

Claimant cites, among other cases, Sparks v. General Mills, Inc., Okl., 262 P.2d 155, which in effect held that where physician's report and the testimony in support thereof is indefinite as to the degree of disability and only gave an anticipated disability such evidence was insufficient to support a finding. That case is readily distinguishable from the case under consideration. There is no conjecture about the cause of the present condition of the claimant in the testimony of Dr. R. The substance of this testimony is that the disability of claimant is due to an arthritic condition and his injury of 1951 and is not related to the injury of August 13, 1953.

In Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199, 200, we said:

"* * * Petitioner introduced before the Commission the testimony of qualified competent physicians. The respondent likewise introduced competent medical evidence tending to support its theory. It therefore appears that from the testimony, the nature of which has been many times approved by this court, the Commission chose to adopt as their finding of fact the evidence in support of respondent. Under the above authorities it is neither the province nor the duty of this Court to interfere with the order of the State Industrial Commission based thereon."

See, also, Hollis v. Mid-Continent Pet. Corp., 174 Okl. 544, 51 P.2d 498; Price v. Spartan Aircraft Co., Okl., 275 P.2d 705; Skaggs v. M. & W. Mining Co., 195 Okl. 423, 158 P.2d 722, 723. In Skaggs v. M. & W. Mining Co., supra, we said:

"* * * Petitioner relies upon the rule that where there is sufficient evidence to support an award it will be sustained. As stated in Kemp v. Comar Oil Co., 185 Okl. 527, 94 P.2d 882, obviously such a rule has no application to situations where the fact has been resolved against the claimant as in the case at bar. * * *"

Claimant also cites Armour & Co. v. Moore, Okl., 270 P.2d 303; United States Gypsum Co. v. Martin, 206 Okl. 246, 242 P. 2d 730, and other cases which in effect hold

that an accidental injury sustained by a workman in a hazardous occupation which aggravates or produces activity of a latent or dormant disease creating a disability which did not previously exist is compensable under the Workmen's Compensation Law. The rule to be applied is announced in Powell v. State Industrial Commission, 208 Okl. 281, 255 P.2d 493, 495, wherein it is stated:

"This court has repeatedly held that whether a disability results from an accidental injury or disease or other causes is a question of fact, and if there is any competent evidence reasonably tending to support the order made by the State Industrial Commission thereon, it will not be disturbed on review. * * *"

There is competent evidence reasonably tending to sustain the finding made by the State Industrial Commission.

Order denying the award is sustained.