**L. O. GRIFFITH, Petitioner,**

v.

**VIERSEN OIL AND GAS COMPANY, Travelers Insurance Company and the State Industrial Commission, Respondents.**

No. 37159.

Supreme Court of Oklahoma.

Oct. 23, 1956.

Dick Bell, Seminole, B. E. Harkey, Don Anderson, Oklahoma City, for petitioner.

Looney, Watts, Looney, Welch, Hamill & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

This is a proceeding brought by L. O. Griffith, hereinafter called claimant, to review an order of the State Industrial Commission denying him an award against the Viersen Oil and Gas Company, employer, and its insurance carrier, Travelers Insurance Company.

Claimant filed two separate claims. In the first claim it is stated that while employed by the Viersen Oil and Gas Company he sustained an accidental injury on March 13, 1953, when a tank grade caved throwing him and causing him to fall in a twisted position. In the second claim it is stated that he sustained an injury on January 15, 1955, when he injured his back while lifting a can of material used in treating crude oil. The State Industrial Commission entered an award finding that he sustained an accidental injury March 13, 1953, for which full payment had been

made including medical expenses and temporary disability and found that the accidental injury did not result in permanent disability.

The record discloses that on the 16th day of June, 1948, while employed by the respondent, Viersen Oil and Gas Company, claimant sustained an accidental injury to his back while working with a tractor used in pulling wells. On March 13, 1953, he was working on a tank grade shoveling dirt and stepped into a hole and on January 15, 1955, he lifted a can of fluid weighing approximately 75 pounds.

Although claimant was treated by at least two doctors insofar as the record shows he made no claim for the injury of 1948 and lost no time because of this injury. After the injury of March 13, 1953, he was treated by Dr. W for two and one-half months and was sent by Dr. W to Dr. O. Claimant made approximately ten trips to Dr. O. Dr. O sent him to Dr. H. After the accidental injury of January 15, 1955, claimant again went to Dr. W and an agent for the insurance company sent him to Dr. H. From 1953 to 1955 he managed to work part of the time wearing a brace. The insurance company has paid for all the treatments for the injury of 1955. All the medical expenses and payments for loss of time for the 1953 injury have been paid. Respondents have paid more than $800 in medical bills, $212.50 to claimant for temporary disability. Claimant was 53 years old when the claims were filed in May, 1955. He was examined on June 28, 1949, by Dr. O. This report was the first report filed by Dr. O. In conclusion it is stated:

"This patient has an arthritic spine which gives him considerable stiffness of the lower back and I think this accounts for his discomfort. The injury he had a year ago has nothing to do with his present discomfort. He could be relieved by treatment which is rather problematical. If he is unable to work, a period of treatment consisting of hospitalization, etc., might result in restoring his usual activity but he will continue to have trouble with his back."

The next report filed by Dr. O was dated September 8, 1953. Therein the conclusion is as follows:

"This patient still has his arthritic spine which was present at the time of my last examination. The present disabling factor seems to be a succession of injuries, terminating in the one on 3-13-53, all of which seemed to be minor. He now seems to have a great degree of disability, apparently largely to his back. He does have some signs of nerve root irritation and pain shooting down the leg but no consistent nerve findings which would indicate nerve root pressure at this time. Since he is pretty much disabled, I would advise that he be hospitalized for bed rest, traction, physical therapy, followed by a support in effort to restore him to the condition he was in prior to the new injury. In this type of back, it is very likely that he will continue to have trouble and it would not be unlikely that the symptoms would over a long period of time increase. If his history is an accurate one, it would be assumed that his present disability is due to trauma, although his basic underlying pathology is, of course, not."

Twelve other reports were filed by respondents, the last one being by Dr. O prior to the final hearing. The conclusion therein is as follows:

"In regard to the above captioned patient, I first examined him in June, 1949, at which time I determined that he had marked arthritis of his spine which I did not believe was attributable to the injury which he had had the year before. He has continued to have trouble off and on ever since that time, during which time he has had a series of injuries, all of them relatively minor, none of them seeming to actually cause any real injury to the back. During the latter part

of 1953 and 1954, we undertook treatment for his arthritis, and he did obtain considerable improvement in his condition.

"By February, 1954, he felt himself that he was as good as at any time he had been in the last several years, so he returned to work at that time. I advised him that it would be well to get into some type occupation which did not require straining his back too much since he did not have the type of back which would readily accept heavy manual labor. By February, 1955, we saw him again at which time he had a flare up of his trouble, this following an instance in which he picked up a can.

"All these things are just a series of episodes in his arthritis and in my opinion are not basically injury. It is my opinion, therefore, that he has no permanent disability as a result of any injury to his back."

Claimant offered the report of Dr. J and his report states that claimant has a permanent partial disability of fifty per cent. Claimant also offered the report of Dr. W dated June 25, 1955. This report did not state whether the disability was permanent or temporary.

■ Claimant raises the single issue that the State Industrial Commission erred as a matter of law because there is no competent evidence reasonably tending to support the order denying the award. He cites Deep Rock Oil Corp. v. Betchan, 169 Okl. 42, 35 P.2d 905, 102 A.L.R. 786; Acme Material Co. v. Wheeler, Okl., 278 P.2d 234; National Zinc Co. v. Seabolt, Okl., 282 P.2d 745, which are authority for the rule that where an accidental injury aggravates a prior diseased condition the disability is compensable under the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq. Obviously this rule has no bearing where on conflicting testimony the issue is resolved against the claimant. Skaggs v. M. & W. Mining Co., 195 Okl. 423, 158 P.2d 722; Kemp v. Comar Oil Co., Inc., 185 Okl. 527, 94 P.2d 882. The rule in such case is found in Hollis v. Mid-Continent Petroleum Corp., 174 Okl. 544, 51 P.2d 498; Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199; and Price v. Spartan Aircraft Co., Okl., 275 P.2d 705. In Burba v. State Industrial Commission, supra, claimant was the petitioner in this Court and the employer and insurance carrier were the respondents. Therein it is stated [195 Okl. 344, 157 P. 2d 200]:

"* * * Petitioner introduced before the Commission the testimony of qualified competent physicians. The respondent likewise introduced competent medical evidence tending to support its theory. It therefore appears that from the testimony, the nature of which has been many times approved by this court, the Commission chose to adopt as their finding of fact the evidence in support of respondent. Under the above authorities it is neither the province nor the duty of this Court to interfere with the order of the State Industrial Commission based thereon."

■ Claimant also cites Sparks v. General Mills, Inc., Okl., 262 P.2d 155. He argues that the evidence as to the permanent disability is vague, uncertain and in a sense contradictory. In our opinion the Sparks case, supra, is not applicable. Therein it was held that an order or award must be based on evidence of present disability and cannot be calculated on a conjecture as to future disability. In the case under consideration the testimony fixed a definite present condition and stated that it was not related to the accidental injury.

A review of the testimony referred to above discloses that there is competent evidence reasonably tending to support the order denying the award.

Order sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, BLACKBIRD, JACKSON and CARLILE, JJ., concur.