Paul E. UNTEREINER, Petitioner,

v.

PERRY CONSTRUCTION COMPANY, Tri-State Insurance Company and State Industrial Commission, Respondents.

No. 37795.

Supreme Court of Oklahoma.

Dec. 24, 1957.

Rehearing Denied Jan. 28, 1958.

Howard C. Triggs, Oklahoma City, for petitioner.

Kerr, Lambert, Conn & Roberts, Ada, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On the 5th day of September, 1956, Paul E. Untereiner, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on August 8, 1956, while employed by the Perry Construction Company he sustained an accidental injury arising out of and in the course of his employment when he suffered heat exhaustion. On the 5th day of February, 1957, the State Industrial Commission entered an order denying an award, the order being in substance as follows:

"That claimant did not sustain an accidental injury, arising out of and in the course of his employment, therefore, his claim for compensation is hereby denied."

On appeal to the Commission en banc the order was affirmed. This proceeding is brought by the claimant against the employer and insurance carrier, hereinafter called respondents, to review the order denying the award.

Claimant testified that he is thirty-three years old; was in the employ of Perry Construction Company on the 8th day of August, 1956, and that he had just been employed and worked for one day. He was laying a water line twenty-five or thirty miles northwest of Healdton, Oklahoma, and went to work at 7 o'clock in the morning. He was working with five men using a wrench about twenty-five pounds in weight, fitting the water pipes together. This requires much lifting and exertion. He worked until 3 o'clock in the afternoon and became completely exhausted suffering a blind spell and falling down. He went and got a drink of water. He stated that he doesn't remember much after this. He remained on the job until 6 o'clock and was then taken to the office of a doctor at Healdton. He was taken from the doctor's office in an ambulance to a hospital in Ardmore. He stayed at the hospital for two days and was taken home to the Windsor Hotel at Healdton. He remained there three weeks and came to Oklahoma City where he has been since that time.

The medical evidence is in irreconcilable conflict. The doctor who treated claimant while he was in the hospital stated that he has no disability due to the incident of August 8, 1956. A medical expert who examined claimant for the purpose of testifying stated that based on the history given by claimant he found a disability related to the accidental injury of August 8, 1956. Two other medical experts filed reports in which it is stated that the condition of claimant is due to disease and that the condition has existed for a long time prior to August 8, 1956. Several statements of lay witnesses or lay persons were introduced by agreement and this constitutes the only other evidence offered by the parties. There is evidence that long before any employment on August 8, 1956, claimant was suffering from a tremor of the body and that any disability is due to this condition. There is also evidence both lay and expert that the condition of claimant is due to the accidental injury of August 8, 1956.

Claimant argues there is no dispute as to the accidental injury of August 8, 1956, and

that it is the duty of this Court to so find and remand the cause to the State Industrial Commission to determine the cause and extent of the disability.

 The cases applicable to the facts and circumstances are: Hollis v. Mid-Continent Pet. Corp., 174 Okl. 544, 51 P.2d 498; Souder v. Mid-Continent Pet. Corp., 187 Okl. 698, 105 P.2d 750; and Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199. In Souder v. Mid-Continent Pet. Corp., supra, we said:

"* * * It is not our understanding that the State Industrial Commission found that the petitioner did not happen to an accident on the 30th day of May, 1938. Section 13349, O.S. 1931, 85 Okl.St.Ann. § 2, has a definite meaning. It includes the disability resulting from the injury, which is the only thing for which the State Industrial Commission is authorized to make an award. * * *"

In Burba v. State Industrial Commission supra [195 Okl. 344, 157 P.2d 200], it is stated:

"* * * Petitioner introduced before the Commission the testimony of qualified competent physicians. The respondent likewise introduced competent medical evidence tending to support its theory. It therefore appears that from the testimony, the nature of which has been many times approved by this court, the Commission chose to adopt as their finding of fact the evidence in support of respondent. Under the above authorities it is neither the province nor the duty of this Court to interfere with the order of the State Industrial Commission based thereon."

See also Skaggs v. M. & W. Mining Co., 195 Okl. 423, 158 P.2d 722; Tucker v. American Smelting & Refining Co., Okl., 294 P.2d 812.

 There is substantial evidence to support the finding of the State Industrial Commission that the claimant did not sustain an accidental injury on August 8, 1956, resulting in any permanent disability.

Since this was the only question submitted to the State Industrial Commission the finding and the order based thereon denying an award is sustained.