Velmar E. SANDERS, Petitioner,

v.

STATE INDUSTRIAL COMMISSION, Ada Coca-Cola Bottling Company, and Equity Mutual Insurance Company, Respondents.

No. 37977.

Supreme Court of Oklahoma.

Oct. 28, 1958.

Willoughby & Cannon, Ada, for petitioner.

Kerr, Lambert, Conn & Roberts, Ada, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On the 17th day of July, 1956, Velmar E. Sanders, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on July 9, 1956, while employed by the Ada Coca-Cola Bottling Company, employer, he sustained an accidental injury arising out of and in the course of his employment when he strained his back. The State Industrial Commission entered an award which in part is as follows:

"Now on this 14 day of June, 1957, this cause comes on for consideration, pursuant to regular assignment and hearing at Oklahoma City, Oklahoma, before Trial Judge D. H. Cotton, claimant appeared in person and by his attorney D. C. Willoughby and respondent and insurance carrier being represented by Burl Harris; and the Trial Judge having considered the evidence, records and being fully advised in the premises finds:

"That claimant sustained an accidental personal injury arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law on July 9th, 1956.

"That his compensation rate is fixed at $28.00 per week; that claimant worked until July 21st, 1956 and laid off until December 24, 1956 and was temporarily totally disabled from July 21 to September 21, 1956.

"That claimant's disability, if any, is due to pre-existing back condition and not due to alleged accident of July 9th, 1956."

On appeal to the Commission en Banc, the award was sustained. This proceeding is brought by claimant against the employer and its insurance carrier, Equity Mutual Insurance Company, hereinafter called respondents, to review the order in so far as it denies further temporary disability or permanent disability.

The record discloses that claimant is a route man whose duties are to deliver the products of the employer to dealers. While delivering cases of the employer's products claimant stated that on July 9, 1956, he strained his back carrying a case of coca cola. It was approximately five o'clock in the afternoon, and he reported to his place of business some time thereafter. He told the secretary or bookkeeper, Ida Miller, that he strained his back, and he wanted to check out as soon as possible to see a doctor. The same evening he went to Dr. C and was treated. He started to work again July 22, 1956, but quit work subsequent thereto. The evidence is undisputed that in June of 1953 claimant sustained an injury to his back of a compensable nature and thereafter in 1954 had a further injury to his back. The physicians for claimant stated that he had a disability as a result of the accidental injury of July 9, 1956, and by reason thereof was totally disabled and needed further treatment. Dr. F filed a report for the respondents in which he stated that any disability from the accidental injury of July 9, 1956, had ended September 21, 1956.

Claimant first argues that there is no competent evidence reasonably tending to support the finding that the disability, if any, is due to a prior back condition. We do not agree. We find substantial evidence to support the finding. This is a question of fact that must be determined by medical

experts. See City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094.

The report of Dr. F is in part as follows:

" * * * It is my opinion that this patient has no serious pathology present in his lower back. The patient may have a mild lumbar type of strain or a sprain but this condition in my opinion has now subsided and no further medical treatment is necessary. It is my opinion that the patient has no permanent disability for the performance of ordinary manual labor as a result of the injury which he states he sustained to his back as outlined above."

Dr. R. filed a report for claimant in which it is stated:

"X-rays of the lumbosacral spine, taken in the lateral position in flexion and extension, and in the AP position supine and standing, revealed only a slight increase in postural lordosis, and confirmed the increase of approximately one-half inch in the length of the left leg, which is undoubtedly a congenital situation."

Claimant had sustained at least one serious injury to his back prior to July 9, 1956. In answer to a question propounded by the trial judge he stated that he injured his back in 1954. The testimony of two employees is that he had frequently been treated for back injury prior to the date of the accidental injury now involved. Claimant himself testified that he had sustained such an injury and that he had been taking treatments from a chiropractor.

Claimant cites Pittsburgh Plate Glass Co. v. Wade, 197 Okl. 681, 174 P.2d 378; Liberty Glass Co. v. Harlin, Okl., 265 P.2d 1096, and related cases. As stated in Price v. Spartan Aircraft Co., Okl., 275 P.2d 705, and Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199, claimant introduced before the State Industrial Commission testimony of qualified competent physicians. The respondents likewise introduced competent medical evidence tending to support their theory. It therefore appears from the evidence, the nature of which has been many times approved by this court, that the Commission chose to base its findings of fact on the evidence in support of respondents. Under the above authorities it is neither the province nor the duty of this court to interfere with the order of the State Industrial Commission. In Skaggs v. M. & W. Mining Co., 195 Okl. 423, 158 P.2d 722, 723, it is stated:

" * * * Petitioner relies upon the rule that where there is sufficient evidence to support an award it will be sustained. As stated in Kemp v. Comar Oil Co., 185 Okl. 527, 94 P.2d 882, obviously such a rule has no application to situations where the fact has been resolved against the claimant as in the case at bar. * * *"

See, in this connection, Turner v. State Industrial Commission, 174 Okl. 486, 50 P. 2d 668; Hollis v. Mid-Continent Petroleum Corporation, 174 Okl. 544, 51 P.2d 498; Roberts v. Magnolia Petroleum Company, 201 Okl. 370, 205 P.2d 1160; McDaniel v. Douglas Aircraft Co., Inc., 200 Okl. 221, 192 P.2d 651; Powell v. State Industrial Commission, 208 Okl. 281, 255 P.2d 493.

In Price v. Spartan Aircraft Co., supra, it is stated:

"Whether disability is due to compensable injury or other cause is a question of fact for the determination of the State Industrial Commission in a hearing on this question, and this court will not disturb the finding made by said commission thereon if there is any competent evidence reasonably tending to support said finding."

Finally, the claimant argues that the State Industrial Commission erred in denying certain medical expenses. Respondents state that this issue is not properly before this court. We agree. The claimant at one stage of the proceeding attempted to give notice of a request for further medical attention. Thereafter the trial judge stated that he was going to consider the medical expenses under the general rules of the Commission and claimant could present them under those rules. So far as the rec-

ord shows, this is the final ruling of the State Industrial Commission thereon. There was no denial of any medical expenses incurred for treatment for the period of temporary disability.

The order of the State Industrial Commission is sustained.

WELCH, C. J., and HALLEY, WILLIAMS, JACKSON and CARLILE, JJ., concur.