Charles P. BRANNEN, Petitioner,

v.

The STATE INDUSTRIAL COMMISSION, Spartan Lumber Company and Casualty Reciprocal Exchange, Respondents.

No. 38188.

Supreme Court of Oklahoma.

Nov. 12, 1958.

Rehearing Denied Dec. 16, 1958.

Vural L. Gilley, Tulsa, for petitioner.

W. E. Green, Raymond G. Feldman, Wm. S. Hall, George Farrar, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

Charles P. Brannen, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed as a carpenter for the Spartan Lumber Company, employer, he sustained an accidental injury arising out of and in the course of his employment on June 17, 1957. The trial commissioner denied an award, and on appeal to the Commission en banc the order was affirmed, and claimant brings this proceeding against the employer and Casualty Reciprocal Exchange, insurance carrier, to review the order denying the award.

The record discloses that claimant was employed as a carpenter, and on the 17th day of June, 1957, he and a fellow employee were taking the forms out of a cement cellar constructed by the employer. Claimant removed water from the cellar that had accumulated from recent rainfall. His companion on the floor of the cellar filled a three-gallon bucket, and claimant, using a sash cord approximately ten feet,

long, pulled the bucket to the top and emptied it into the gutter. This process consumed between three and four and one-half hours in the morning. Claimant testified it took from 7:30 until twelve noon, and the fellow employee testified it took approximately three hours. The cellar was eight feet wide, ten feet long and seven feet deep. Claimant had lunch at twelve o'clock noon and in the afternoon removed the cement forms from the cellar with the assistance of the fellow employee. Claimant quit work about 4:30 p. m. and reached the place of business of the employer about ten minutes before five o'clock. He waited until five o'clock and received his pay check and drove home in his own automobile. He testified he was unable to drive home without difficulty. In the evening in little tasks about the house he was unable to use his left arm and hand without difficulty. In the early hours of the 18th of June, 1957, it was discovered he was unable to use his left hand. He was taken to a clinic in Tulsa, after reporting to his place of employment on the morning of the 18th. In the afternoon of the 19th of June, 1957, he was removed from his home to a hospital. He sustained a stroke which the medical evidence discloses is from a thrombosis.

In the order denying the award the State Industrial Commission made the following finding:

"That claimant's claim for compensation should be denied for the reason that he did not sustain an accidental personal injury on June 17, 1957, arising out of and in the course of his employment; that his condition was the result of disease and the aging process and was not due to exertion or trauma."

Dr. F was called as the first witness. He testified for respondents. His testimony was given before claimant testified. This is referred to in the briefs as out of turn. Dr. F testified he was a member of a clinic where claimant was taken on June 17, 1957. This doctor did not assume a history of claimant having lifted pails of

water for not to exceed four and one-half hours in the morning of the 17th and working with large concrete frames in the afternoon. He stated that it was his conclusion that claimant had sustained a thrombosis which resulted in paralysis; that this was due to high blood pressure. On cross-examination the doctor was asked whether if claimant had done unusual and strenuous work and thereafter experienced difficulty in driving his car home, such might indicate that strain had caused the paralysis. The doctor stated that high blood pressure was the cause of the paralysis; that it was possible that strain may have contributed to it.

Dr. T testified for claimant. He also testified before claimant had given his testimony. Dr. T was given a history in the form of a hypothetical question which assumed as facts the testimony of claimant above referred to. The doctor testified that in his opinion claimant sustained a cerebral hemorrhage which resulted in paralysis and that the work he did on the 17th of June, 1957, was the cause of the hemorrhage.

Dr. J testified for respondents and supported the testimony of Dr. F. It is not necessary to review this testimony.

Dr. L testified for respondents, and he was given a hypothetical question which substantially included the history of the day preceding the thrombosis as described by claimant. It was the opinion of Dr. L that the paralysis was not due to the work or employment of claimant.

■ Claimant argues the evidence is insufficient to sustain the finding of the State Industrial Commission and support the order denying the award. The testimony was in conflict. As stated in Burba v. State Industrial Commission, 195 Okl. 344, 157 P.2d 199, and Price v. Spartan Aircraft Co., Okl., 275 P.2d 705, there was competent evidence reasonably tending to support a finding either for or against the claimant, and where the evidence is in conflict the finding of the Commission made thereon will not be disturbed on review by the Supreme Court. We find under the rule announced therein and in Hollis v. Mid-Continent Petroleum Corp., 174 Okl. 544, 51 P.2d 498; City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, there is competent evidence reasonably tending to support the order denying the award.

Claimant argues in this connection that none of the doctors testifying for respondents assumed the correct history of the case and argues that under the rule announced in Acme Flour Mills v. Bray, 185 Okl. 516, 94 P.2d 828, and Western Good Roads Service Co. v. Coombes, 185 Okl. 599, 95 P.2d 633, their opinion is based on an erroneous history. Dr. L assumed the history in all substantial respects given by claimant. It is true that Dr. F and Dr. J did not base their opinions given on direct examination on the history given by the claimant, but on cross-examination claimant asked each of these doctors what his opinion would be assuming the history substantially comparable thereafter given by claimant, and each answered fully all questions of that nature. The opinions of respondents'. doctors that the disability of claimant was due to other causes are based on a consideration of the correct history of the case.

■ Claimant argues the State Industrial Commission should have excluded the testimony of Dr. F on the ground of privilege and cites in support thereof 12 O.S.1951 § 385; Hudson v. Blanchard, Okl., 294 P.2d 554. We do not find that this court has ever construed this section with relation to the Workmen's Compensation Law. We find it unnecessary to determine whether Dr. F, a member of the clinic where claimant was taken by his employer, comes under the rule of privilege or whether the statute applies to claimants under the Workmen's Compensation Law. Reference to the testimony of Dr. F above shows that on cross-examination the doctor was asked questions assuming a state of facts substantially established by the evidence of claimant, and the doctor gave his answers to these questions. We are of the opinion

and hold that claimant has waived any privilege under the statute.

Claimant also objects to the testimony of the secretary or clerk of the hospital to which claimant was taken regarding the records of the hospital. The evidence does not show any prejudice to claimant by the testimony of this witness or by the use of these records. It is not shown that either claimant or respondents relied on the records but rather both relied on the oral testimony of the witnesses, expert and otherwise, to determine the cause and extent of the disability. Furthermore, the accuracy of any records of the hospital used in the case is in no manner questioned. We find no error in this respect.

Claimant objects to the consideration of the testimony of Dr. L. He argues that over his objection respondents were permitted to use more than two witnesses contrary to the statute, 85 O.S.1951 § 27.1. Assuming, without deciding, that by his questions to Dr. L claimant did not waive this issue, we find no error in this respect. Section 27.1, supra, is at most directory. In the absence of an abuse of discretion we hold that the State Industrial Commission may cause to be introduced any testimony, expert or otherwise, which the Commission considers necessary to a determination of the issues.

Finally, it is argued the finding of the State Industrial Commission is indefinite and uncertain and not subject to proper judicial interpretation. In this connection claimant states there is no competent evidence to sustain the finding that claimant's condition is due to old age and disease. We do not agree. Dr S, whose deposition was introduced by claimant, stated that he felt in the case of claimant the aging process of the blood vessels had taken place at a much earlier age than the average person. All the medical experts testified to a long standing high blood pressure. There is much evidence that this may cause a thrombosis which may result in paralysis. Claimant objects to the use of the word "condition" and states it is vague and uncertain. There is no dispute about claimant's condi-

tion. It is paralysis. The dispute is as to its cause.

We find no reason to return the case to the State Industrial Commission for further explanation of its order in this respect.

The order denying the award is supported by the evidence.

Order sustained.