Chester A. BLAND, Petitioner,

v.

EAGLE–PICHER CO., a corporation; Special Indemnity Fund of Oklahoma; and the State Industrial Court of the State of Oklahoma, Respondents.

No. 38060.

Supreme Court of Oklahoma.

Nov. 15, 1960.

Brown, Brown & Brown, McAlester, for petitioner.

A. C. Wallace, John R. Wallace, and Ben T. Owens, Miami, Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

**1098** 

BERRY, Justice.

On the 29th day of May, 1957, Chester A. Bland, hereinafter called claimant, filed his first notice of injury and claim for compensation. He therein stated that while employed by Eagle-Picher Company, he sustained an accidental injury arising out of and in the course of his employment on September 21, 1956. The State Industrial Court denied an award and this proceeding is brought by claimant against Eagle-Picher Company and Special Indemnity Fund to review said action. Eagle-Picher Company will be referred to herein as respondent and Special Indemnity Fund will be referred to by name.

The record discloses that claimant was a physically-impaired person as defined by 85 O.S.1951, § 171, due to a diseased left hip and leg caused by typhoid fever at the age of seven years. He testified that he sustained an accidental injury on September 21, 1956, when a piece of steel called a "connie", which weighed between fifty and seventy pounds, fell on his left leg striking the leg on the inside above the ankle as he was twisting and turning.

Dr. M. filed a report and testified that based on the history given him by claimant he was of the opinion that claimant sustained an accidental injury on September 21, 1956, causing disability to his left leg and to his back by reason of an aggravation of a low back injury. Dr. D. also found that claimant sustained a back injury due to an aggravation of a low back condition, which finding was based on history similar to that given Dr. M. Both of these physicians stated claimant was totally and permanently disabled by reason of the combination of the prior disability and the back injury.

The respondent introduced the report of Dr. H. to the effect that there was no permanent disability due to the accidental injury of September 21, 1956; that a small sore had been occasioned by the accidental injury; that the leg had drained and had completely healed.

The Special Indemnity Fund introduced the reports of Dr. ML and Dr. L and the claimant cross-examined both of these doctors. Dr. ML stated the accidental injury of September 21, 1956 did not cause any permanent disability and Dr. L stated any disability to the back was not due to the accidental injury sustained September 21, 1956. Both of these doctors attributed claimant's present disability to the prior back injury and to the impairment of his hip and leg which resulted from typhoid fever.

During the trial, respondent introduced evidence of payments to claimant from an insurance fund to cover sickness and accidental injury not arising out of and in the course of the employment.

██ Claimant first argues this was error. We find no error in this respect. Claimant cites Tidewater Associated Oil Co. et al. v. Ale et al., 191 Okl. 414, 130 P.2d 991, which is authority for the rule that only payments in lieu of compensation can be credited against the amount due for compensation. It is not in point here. In the instant case there was no attempt to seek credit on any amount due as compensation by reason of these payments.

██ Claimant also argues that the trial judge erred in making a finding contrary to the stipulation of the parties. The specific objection in this respect is that the trial judge did not make a finding that claimant had sustained a back injury. The stipulation is as follows:

"We admit that he (claimant) did sustain an accidental injury arising out of and in the course of his employment on that date."

This, in no way, determined the extent of disability. Souder v. Mid-Continent Petroleum Corp. et al., 187 Okl. 698, 105 P.2d 750. The court was not limited in its right to determine the disability by reason of this stipulation.

██ It is next argued that the trial judge erred in refusing to strike the testimony of Dr. ML. We do not agree. Proceedings before the State Industrial Court are not conducted within the strict proce-

dural rules applied to courts of general jurisdiction. Banning v. Peru-Laclede Syndicate, Inc., et al., 179 Okl. 382, 65 P.2d 976. The Special Indemnity Fund introduced the report of Dr. ML to aid the State Industrial Court in determining whether the accidental injury of September 21, 1956, affected the left leg. The only two statements this doctor made relating to the back were that he was of the opinion that any back pain of claimant was due to the hip and leg and the further statement that on close questioning claimant admitted he had back pains prior to September 21, 1956. The doctor frankly admitted he did not make an examination of the back to determine whether there was a disability to the back from the accidental injury of September 21, 1956. There was no error in the action of the trial judge in considering this testimony.

Claimant also urges this proposition:

"Error of the trial court in finding that the claimant who had a work record of 14 years continuous arduous manual labor with the employer at the time of this injury, and who is admittedly now totally and permanently disabled, was totally disabled prior to the accident complained of and not entitled to any benefits by reason of his accidental injury."

The pertinent portions of the Order appealed from read:

"Claimant sustained an accident on September 21st, 1956 arising out of and in the course of his hazardous employment with respondent resulting in slight injury to his left lower limb, below the knee and was furnished medical treatment by respondent and lost no compensable time from work due to said injury.

"Claimant was a previously disabled person by reason of childhood illness resulting in severe ankylosis and disability to his left hip and shortening of the left leg which finally resulted in considerable disability to the low back by reason of which he had to quit work on or about January 26, 1957.

"Claimant did not sustain an injury to his back due to the accident and the injury to his leg completely recovered and did not increase the preexisting disability to the leg and none of his present disability is due to the accident of September 21, 1956.

"It is Therefore Ordered, That claimant's claim for compensation be and the same is hereby denied."

 The State Industrial Court found that claimant did not sustain any permanent disability due to the accidental injury of September 21, 1956. The record discloses claimant was injured on this date and continued to work until sometime in January of 1957. The finding that he did not sustain any permanent disability due to the accidental injury is supported by competent evidence. This court has many times announced the rule that the finding of the State Industrial Court when based on competent evidence will not be disturbed on review. Hollis v. Mid-Continent Pet. Corp., 174 Okl. 544, 51 P.2d 498; Burba v. State Industrial Commission et al., 195 Okl. 344, 157 P.2d 199.

 Finally, it is argued that the finding of the State Industrial Court is vague and indefinite within the rule of Corzine v. Traders Compress et al., 196 Okl. 259, 164 P.2d 625, and cases related thereto citing this case. We think the rule applicable is announced in Cranfill v. J. G. Beard Estate et al., Okl., 348 P.2d 506; Jamison v. Big Four Foundry Co., Inc. et al., Okl., 336 P.2d 349; Parvin v. Jays Electric Ser. et al., Okl., 309 P.2d 1067; Lacy v. Pratt Food Stores et al., Okl., 347 P.2d 788. As stated in Jamison v. Big Four Foundry Co., Inc. et al., supra, the order is not vague and indefinite. It is susceptible to judicial interpretation. It determined definitely that there was no permanent disability by reason of the accidental injury of September 21, 1956.

Order denying award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, BLACKBIRD, JACKSON and IRWIN, JJ., concur.