Hudie Mae HINKLE, Petitioner,

v.

SWIFT & COMPANY, Security Mutual Casualty Co., its insurance carrier, and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40439.

Supreme Court of Oklahoma.

April 28, 1964.

Stubbs & Douglas, Oklahoma City, for petitioner.

Rinehart & Morrison, Oklahoma City, for respondents.

JOHNSON, Justice.

Gordon T. Hinkle sustained an accidental injury, arising out of and in the course of his hazardous employment with Swift &

Company, on September 29, 1959, due to inhalation of gas fumes. He was hospitalized for a period of from seven to ten days, returning to work on October 8, 1959. He continued in his employment until September 11, 1961, losing no time from his work. He underwent open heart surgery on September 15, 1961, to correct a congenital condition diagnosed as "coarctation" (malformation of the aorta). He died on September 27, 1961. From the period August, 1961, until his death he was seen by various and sundry doctors.

Subsequent to the death of Gordon T. Hinkle, a claim for death benefits under the Workmen's Compensation Law was filed with the State Industrial Court against Swift & Company and its insurance carrier, Security Mutual Casualty Company, by Hudie Mae Hinkle, surviving wife of Gordon T. Hinkle, deceased.

On May 3, 1962, a trial judge of the Industrial Court entered an order in favor of claimant awarding her death benefits in the sum of $13,500.00, based upon findings that the injury of September 29, 1959, aggravated decedent's congenital condition thereby contributing to his death. On appeal to the Industrial Court en banc the order was vacated, and the claim denied.

■ Only one question is presented in this appeal. It is the contention of the petitioner that the trial tribunal committed error in permitting respondents, over her objections, to use more than two medical witnesses contrary to 85 O.S.1961 § 27.1. In support of this argument she cites no authority other than the statute. This section provides:

"Neither the claimant nor the respondent in hearings before the State Industrial Commission shall be permitted to introduce the testimony of more than two (2) physicians where the evidence of any additional physician would be cumulative testimony; provided, however, that the State Industrial Commission, of its own motion,

may order that any claimant appearing before it be examined by other physicians."

Section 27.1, supra, was construed by this court in the case of Brannen v. State Industrial Commission, Okl., 333 P.2d 304, 307, wherein it is stated:

"Claimant objects to the consideration of the testimony of Dr. L. He argues that over his objection respondents were permitted to use more than two witnesses contrary to the statute, 85 O.S.1951, § 27.1. Assuming, without deciding, that by his questions to Dr. L. claimant did not waive this issue, we find no error in this respect. Section 27.1, supra, is at most directory. In the absence of an abuse of discretion we hold that the State Industrial Commission may cause to be introduced any testimony, expert or otherwise, which the Commission considers necessary to a determination of the issues."

■ Also, the record discloses that prior to the introduction of the evidence of the objected doctors, petitioner had introduced letter reports from some of these same doctors. These reports do not appear in the record, and we are not advised by the record as to what evidence said reports established. However, the record discloses that upon objection by petitioner to respondent using more than two doctors, it was stated by respondents' attorney that such testimony was offered by way of explanation of the doctors' reports which had theretofore been introduced by petitioner and for impeachment purposes. In this state of the record we are unable to say there was an abuse of discretion by the trial tribunal in permitting the testimony of said doctors.

Finding no error, the order of the State Industrial Court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.